| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>MAGGIE LIU,<br><br><br><br><div align=right>Debtor(s).</div> | CASE NUMBER: 8:17-bk-12832-CB<br><br>ADVERSARY NUMBER: 8:19-ap-01132-CB<br><br>CHAPTER: 7 |
|---|---|
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br><br><div align=right>Plaintiff(s),</div><br>vs.<br><br>MEI LING SU,<br><br><br><br><div align=right>Defendant(s).</div> | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: 11/05/2019<br>TIME: 1:30 pm<br>COURTROOM: 5D<br>ADDRESS: 411 W. Fourth Street, Santa Ana, CA 92701 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): MEI LING SU

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 07/03/2019

3. The Summons and Complaint were served on Defendant by ☐ personal service ☐ mail service on the following date (*specify date*): 09/06/2019 , via FedEx delivery, pursuant to Court's order (Dk. No. 8).

4. A true and correct copy of the completed return of summons form is attached. See, Exhibit 3, pgs. 67-100.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 7055-1.2.DEFAULT.JMT.MOTION**

5.  The time for filing an answer or other response expired on (*specify date*): 10/03/2019

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐  Has not yet been entered, but is requested

    b.  ☒  Was entered on (*specify date*): 10/08/2019

8.  **A Status Conference:**

    a.  ☒  Is scheduled for (*specify date, time, and place*): November 26, 2019, at 1:30 p.m., Courtroom
        5D, U.S. Bankruptcy Court - 411 West Fourth Street, Santa Ana, CA 92701

    b.  ☐  Was held on (*specify date, time, and place*): _____
        _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒  Relies on the complaint and attached documents.

    b.  ☒  Attaches the following documents to establish a *prima facie* case:

        (1)  ☒  Declaration of (*specify*): Laila Masud

        (2)  ☒  Declaration of (*specify*): Declaration of Yalan Zheng

        (3)  ☒  Other (*specify*): Exhibits 1-6

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-
    4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against
    whom a default judgment is sought by this motion:

    a.  ☒  Defendant is not currently in military service.  The facts that support this statement are as follows (*see the
        court's website for information about how to verify non-military status*):

        As of October 15, 2019, I believe and am informed that Defendant is not active military. See, Declaration of
        Laila Masud.

    b.  ☐  Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is
        checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C.
        § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐  I am unable to determine whether or not Defendant is in military service.  The facts that support this statement
        are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the
        bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                      Page 2                              **F 7055-1.2.DEFAULT.JMT.MOTION**

12. Defaulting party is not an infant or incompetent party.


Plaintiff requests that this court enter a default judgment in favor of Plaintiff.  A copy of the lodged proposed default judgment is attached.


Date: <u>10/15/2019</u>

Respectfully submitted,

MARSHACK HAYS LLP
<div style="border-bottom:1px solid"></div>
Printed name of law firm


/s/ Laila Masud
<div style="border-bottom:1px solid"></div>
Signature

LAILA MASUD
<div style="border-bottom:1px solid"></div>
Name of Attorney for Plaintiff or Plaintiff

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                Page 3                **F 7055-1.2.DEFAULT.JMT.MOTION**

**Memorandum of Points and Authorities**

## 1.    Summary of Argument

Upon entry of a defendant's default, the well-pleaded allegations of the complaint relating to liability are taken as true. In this case, the Trustee's complaint alleged that the $150,000 deed of trust given by Debtor to Defendant in the days prior to bankruptcy was subject to avoidance as either a fraudulent or preferential transfer. Specifically, the complaint alleged that the transfer: (1) was made for less than reasonably equivalent value; (2) was made with actual intent to keep non-exempt equity in Debtor's residence away from creditors; and (3) even if the Defendant in fact loaned an equivalent amount of money to Debtor, the transfer was subject to avoidance as preferential. Because these allegations are deemed true, the Trustee is entitled to entry of judgment avoiding, recovering, and preserving the lien for the benefit of the Estate.

## 2.    Background Facts

### A.    Debtor's Creditor Problems

On December 15, 2015, Ms. Yu Huo *aka* Jade Ho ("Ms. Ho") filed a complaint against Debtor in the Orange County Superior Court, Case Number 30-2015- 00825301 ("Ho State Court Action"). Ms. Ho's complaint in the State Court Action alleged causes of action including fraud, conversion, breach of fiduciary duty, unfair business practice, money had and received, unjust enrichment, breach of written contract, fraudulent conveyance, and constructive fraudulent conveyance.[1]

The trial in the Ho State Court Action was held on May 1, 2017. [2] On or about May 9, 2017, when the judge in the State Court Action decided to enter judgment in favor of Ms. Ho, Debtor's attorney reached out to counsel for Ms. Ho advising that Debtor was going to file bankruptcy if Ms. Ho did not accept Debtor's offer to settle for a cash payment of $400,000.[3]

Judgment was eventually entered favor of Ms. Ho in the sum of $704,069.00 ("Judgment").[4] Notice of Entry of Judgment was filed and served on or about June 19, 2017.[5]

---

[1] *See*, Masud Declaration, Ex 1, pgs. 43-57.
[2] *See*, Masud Declaration, Ex 1, pg. 55.
[3] See Declaration of Yalan Zheng Declaration, Ex. 6, pg. 142.
[4] *See*, Masud Declaration, Ex 1, pg. 56.
[5] *Id.*

On July 17, 2017, Debtor commenced this bankruptcy case. As such, the evidence demonstrates that Debtor knew from at least early May 2017, that Ms. Ho was imminently going to obtain a substantial judgment lien against her residence located at 14 San Sovino Newport Coast, California ("Newport Coast Property").[6]

## B.    The Deed of Trust Transferred to Defendant

On June 26, 2017, less than three weeks prior to bankruptcy and over one month after she told counsel for Ms. Ho that she was going to file bankruptcy, Debtor purportedly executed a promissory note in favor of Defendant to secure an alleged loan in the amount of $150,000. This alleged promissory note was attached to Defendant's proof of claim (who by filing the proof of claim submitted to the jurisdiction of this Court). It is noteworthy that the note provides that no payments would be due until the maturity date which was the earlier of June 1, *2033 (which date was 16 years after the note was signed)*, or the day on when the Newport Coast Property was sold or transferred. *Id*. On June 27, 2017, Debtor executed a short form deed of trust and assignment of rents ("Deed of Trust") on account of the antecedent note. The Deed of Trust was also recorded on the same date purportedly by Harold Laufer, Esq. ("Mr. Laufer"). *See* Masud Decl., Ex. 1, pgs. 39-41.

## C.    The Trustee's Investigation

On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

In her petition, Debtor scheduled Defendant's claim as *unsecured* in the amount of $150,000.[7]

On or about November 21, 2017, Defendant filed a Proof of Claim asserting a secured claim in an amount of $150,000.00 ("Claim"). *See* Masud Decl., Ex. 1, pgs. 12-18.

On March 20, 2018, as Dk. No. 158, Trustee filed a motion for order authorizing the sale of the Newport Coast Property ("Sale Motion"). On May 9, 2018, as Dk. No. 187, the Court entered an Order granting Trustee's Sale Motion. Per the terms of the Order, Defendant's disputed lien attached to the

---

[6] Zheng Declaration, ¶5.

[7] On October 29, 2018, as Dk. No. 224, Debtor's schedules were amended to reflect Defendant's claim as secured.

proceeds of sale with the same validity, priority, and extent as it attached to the Newport Coast Property.

As of the Petition Date, the only lien allegedly held by Ms. Su was the Deed of Trust recorded 20 days prior to bankruptcy.

Trustee's investigation of the facts and circumstances surrounding the execution and delivery of the Deed of Trust revealed the following:

- The Debtor transferred the Deed of Trust to Defendant several weeks after advising Ms. Ho's counsel that she was going to file bankruptcy if Ms. Ho obtained a judgment instead of accepting Debtor's settlement offer. As such, the transfer was made with actual intent to hinder, delay, and defraud creditors specifically Ms. Ho and her ability to enforce any judgment against Debtor non-exempt equity;

- The alleged $150,000 note did not provide for any payments of interest or principal for 16 years after execution, a term to which no arms-length lender would ever agree;

- When contacted, Harold Laufer ("Mr. Laufer"), whose name is listed on the Deed of Trust as the individual who requested its recording denies any involvement in preparing the Note and Deed of Trust. Moreover, Mr. Laufer denies ever representing anyone by Defendant's name as reflected in the Deed of Trust. *See*, Masud Declaration, Exhibit "5;"

- The Deed of Trust was executed after the Note thereby rendering the transfer on account of an antecedent debt; and

- The Deed of Trust references a note of even date, but the note attached to Defendant's proof of claim is dated prior to the Deed of Trust. As such, the Deed of Trust is not properly perfected and subject to avoidance. *See, Beaman v Head (In re Head Grading Co.)* (2006, BC ED NC) 353 BR 122) ("because a deed of trust, which was given as security for promissory note "of even date herewith" but had different date than note produced by creditor, did not properly and specifically identify obligation secured; therefore, lien under deed of trust was unenforceable against trustee").

Accordingly, on July 3, 2019, Trustee filed a complaint against Defendant alleging that the Deed of Trust is subject to avoidance as: (1) a preferential transfer pursuant to 11 U.S.C. § 547(b); (2) an

MEMORANDUM OF POINTS AND AUTHORITIES
4828-8670-9161, v. 1/1546-005

1  actual fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A);[8] (3) a constructive fraudulent transfer

2  pursuant to 11 U.S.C. § 548(a)(1)(B);[9] and (4) an unperfected lien pursuant to 11 U.S.C. § 544(b)

3  ("Adversary").

4        On July 5, 2019, as Dk. No. 3, the Trustee filed a Supplemental Complaint ("Complaint"). *See*

5  Masud Declaration, Ex 1.

6        On July 5, 2019, as Dk. No. 4, the Court issued a Summons and Notice of Status Conference in

7  Adversary Proceeding [LBR 7004-1] ("Summons"). Masud Decl. ¶6.

8        On July 9, 2019, as Dk. No. 5, the Trustee filed a Motion to Establish Service Requirements for

9  International Defendant ("Establish Motion"). Masud Decl. ¶7.

10       On August 29, 2019, as Dk. No. 8, the Court entered an order granting the Establish Motion

11 ("Order"). Masud Declaration, Exhibit "2."

12       On September 3, 2019, as Dk. No 10, the Court issued Another Summons and Notice of Status

13 Conference ("Summons"). Masud Decl. ¶9.

14       On September 26, 2019, pursuant to the terms of the Order, the Summons was served by FedEx

15 Mailer to Defendant. Masud Declaration, Exhibit "3."

16       Defendant's deadline to respond to the Complaint was October 3, 2019.

17       Defendant has failed to respond to the Complaint. Masud Decl. ¶11.

18       On October 7, 2019, Trustee requested entry of Defendant's default. On October 7, 2019, the

19 Clerk of the Court entered Defendant's default. A true and correct copy of the request for entry of

20 default and the entry of default is attached as Exhibit "4" to the Masud Declaration.

21       Defendant is not an infant or incompetent, and she is not on active duty in the armed forces.

22 Masud Declaration, ¶13.

23

24

25

26

27  [8] Trustee asserts the Deed of Trust may also be avoided under Cal. Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq.*

28  [9] *Supra*, Fn. 3.

MEMORANDUM OF POINTS AND AUTHORITIES
4828-8670-9161, v. 1/1546-005

## 3.    Argument

### A.    This Court has jurisdiction over this adversary proceeding.

Pursuant to 28 U.S.C. § 1334(a), "the district courts shall have original and exclusive jurisdiction of all cases under Title 11." The District Court has referred all Title 11 proceedings to the bankruptcy courts. 28 U.S.C. § 157(a). The Adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (F) (proceedings to determine, avoid, or recover preferences); (H) (proceedings to determine, avoid, or recover fraudulent conveyances); (K) (determinations of the validity, extent, or priority of liens); and (O) (other proceedings affecting the liquidation of the assets of the estate). Moreover, this adversary proceeding arises in and relates to that bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Valley Division styled *In re Maggie Liu*, Case No. 8:17-bk-12832-CB.

### B.    This Court has jurisdiction over Defendant.

By filing a proof of claim, Defendant has consent to the personal jurisdiction of this Court. *Katchen v. Landy*, 382 U.S. 323, 15 L. Ed. 2d 391, 86 S. Ct. 467 (1966); *H.K. & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 997 (9th Cir. 1998); *Tucker Plastics v. Pay 'N Pak Stores (In re PNP Holdings Corp.)*, 99 F.3d 910 (9th Cir. 1996).

### C.    This Court has authority to enter a default judgment.

Rule 55 of the Federal Rules of Civil Procedure ("FRCP") applies in adversary proceedings. *See*, Rule 7055 of the Federal Rules of Bankruptcy Procedure ("FRBP"). Rule 55 states in pertinent part:

    (b)    Entering a Default Judgment.
    …
        (2)    *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

        (A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter."

Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California ("LBR") provide that a default judgment can be entered so long as the defendant is not an infant, incompetent or on active military duty.

(1)    Form of Motion. A motion for default judgment must state:

(A)    The identity of the party against whom default was entered and the date of entry of default;

(B)    Whether the defaulting party is an infant or incompetent person and, if so, whether that person is represented by a general guardian, committee, conservator, or other representative;

(C)    Whether the individual defendant in default is currently on active duty in the armed forces of the United States, based upon an appropriate declaration in compliance with the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 390 1-4043).

(D)    When the individual defendant is the debtor, the party seeking the default may rely upon the debtor's sworn statements contained in a statement of financial affairs, by following the appropriate procedure for requesting judicial notice of that document pursuant to F.R.Evid. 201; and

(E)    That notice of the motion has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."

LBR 7055-1(b).

This Motion has been presented in the correct form, default has been entered, and proper notice of the Motion has been provided. Plaintiff thus respectfully requests entry of default judgment.

## D.    Defendant's liability is presumed upon entry of default.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319,1323 (7th Cir. 1983); and *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Simply put, the default itself establishes Defendant's liability. Thus, the allegations in the Complaint regarding Defendant's liability for receiving a fraudulent/preferential transfer has been established for purposes

of this Motion. Furthermore, the attached declarations Ms. Masud and Ms. Zheng provides additional evidence that Plaintiff is entitled to a default judgment against Defendant.

### E.    Request for Relief Pursuant to the First Amended Complaint

#### a.    Plaintiff is entitled to avoid and recover the Fraudulent Grant Deed and Fraudulent TDs.

Pursuant to FRCP 55, if a defendant has been defaulted for not appearing and is neither a minor nor an incompetent person, the plaintiff may move the court for a default judgment. FRCP 55(b)(1). Here, Defendant, whom is neither a minor nor an incompetent person,[10] has had a default entered against her because she did not appear or defend in this adversary proceeding. Plaintiff, the Chapter 7 Trustee, requests entry of default judgment in substantially the same form as attached to the Masud Declaration as Exhibit "7." Although FRCP 55(b)(1) permits the court to conduct hearings if it needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegation by evidence; or (4) investigate any other matter, nothing other than this motion is required.

Because the Complaint requests avoidance, recovery, and preservation of a **specific** deed of trust, the Court does not need to conduct any extensive hearing for accounting of calculation of damages. Moreover, the specific transfer sought to be avoided, recovered, and preserved is specifically identified in the Complaint with copies provided. Masud Decl. Ex. 1, pgs. 39-41. Furthermore, the Complaint, Zheng Declaration, and Masud Declaration provide further detail regarding the allegations and supporting evidence for the court to enter default judgment.

Lastly, the allegations of the Complaint which have now been deemed admitted provide the necessary factual basis to permit entry of a default judgment on all claims. Such facts include that the Deed of Trust was (1) executed without reasonably equivalent value; (2) at a time was Debtor insolvent or became insolvent as a result of the Deed of Trust; (3) within the 90 day period prior to bankruptcy; (4) able to enable Defendant to receive more than she would have been entitled to received had the Deed of Trust not occurred; and (5) does not secure a payment of indebtedness as

---

[10] Masud Declaration, ¶13.

there is no promissory note of even date in a certain, specified principal sum thus making the Deed of Trust unenforceable as a matter of law.

## 4.    Conclusion

Based on the foregoing, Plaintiff respectfully requests that default judgment, be entered against the Defendant as follows:

1.    The Deed of Trust be avoided, recovered, and preserved for the benefit of the Estate;

2.    For pre-judgment interest at the maximum rate allowed by law;

3.    For costs incurred by Plaintiff in prosecuting this action; and

4.    For such other further relief as the Court may deem just and proper.


Dated:  October 14, 2019                    MARSHACK HAYS LLP


                                By: */s/ Laila Masud*
                                    _____
                                    LAILA MASUD
                                    Attorneys for Plaintiff and Chapter7 Trustee,
                                    RICHARD A. MARSHACK

4828-8670-9161, v. 1/1546-005

# Declaration of Laila Masud

I, LAILA MASUD, declare as follows:

1.      I am an attorney at law duly admitted to practice before all courts of the State of California. I am an associate with the law firm of Marshack Hays LLP, attorneys of record for Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Bankruptcy Estate ("Estate") of Maggie Liu ("Debtor").

2.      If called upon to testify as to the matters set forth herein, I could and would competently testify thereto. I reviewed the relevant case dockets prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed. I make this Declaration in support of Plaintiff's Motion for Default Judgment Under LBR 7055-1 in case number 8:19-ap-01132-CB.

3.      On July 17, 2019, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date").

4.      On July 30, 2019, Trustee filed a Complaint against Defendant alleging that the Deed of Trust is subject to avoidance as: (1) a preferential transfer pursuant to 11 U.S.C. § 547(b); (2) an actual fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A);[11] (3) a constructive fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B);[12] and (4) an unperfected lien pursuant to 11 U.S.C. § 544(b).

5.      On July 5, 2019, as Dk. No. 3, the Trustee filed a Supplemental Complaint ("Complaint"). A true and correct copy of the Complaint is attached as Exhibit "1" to the Masud Declaration.

6.      On July 5, 2019, as Dk. No. 4, the Court issued a Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1] ("Summons").

7.      On July 9, 2019, as Dk. No. 5, the Trustee filed a Motion to Establish Service Requirements for International Defendant ("Establish Motion").

/ / /

---

[11] Trustee asserts the Deed of Trust may also be avoided under Cal. Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq.*

[12] *Supra*, Fn. 3.

8.      On August 29, 2019, as Dk. No. 8, the Court entered an order granting the Establish Motion ("Order"). A true and correct copy of the Order is attached as Exhibit "2" to the Masud Declaration.

9.      On September 3, 2019, as Dk. No 10, the Court issued Another Summons and Notice of Status Conference ("Summons").

10.      On September 26, 2019, pursuant to the terms of the Order, the Summons was served by FedEx Mailer to Defendant. A true and correct copy of the executed Summons is attached as Exhibit "3" to the Masud Declaration.

11.      Defendant has failed to respond to the Complaint.

12.      On October 7, 2019, Trustee requested entry of Defendant's default. On October 7, 2019, the Clerk of the Court entered Defendant's default. A true and correct copy of the request for entry of default and the entry of default is attached here as Exhibit "4.".

13.      Upon information and belief, Defendant is not an infant or incompetent. Further, efforts were made to confirm that Defendant is not active military. I believe and am informed that Defendant is a Taiwanese resident and does not permanently reside in the United States. Additionally, efforts have been made to confirm Defendant's status, through researching legal research software, public and social websites. None of these searches implied that Defendant is living in the United States or that she is currently an active member of the military.

14.      Based on the lack of response from Defendant, Trustee requests entry of default judgment in substantially the same form as attached here as Exhibit "5."

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 15, 2019, in Irvine, California.

*/s/ Laila Masud*
LAILA MASUD

---

13

MEMORANDUM OF POINTS AND AUTHORITIES

# Declaration of Yalan Zheng

I, Yalan Zheng, declare as follows:

1.      I am an attorney at law duly admitted to practice before all courts of the State of California. I am a partner with the law firm of Park and Zheng, attorneys of record for Yu Huo aka Jade Ho.

2.      If called upon to testify as to the matters set forth herein, I could and would competently testify thereto. I reviewed the relevant case dockets prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

3.      I make this Declaration in support of Plaintiff's Motion for Default Judgment Under LBR 7055-1 in case number 8:19-ap-01132-CB.

4.      It is my belief that the Deed of Trust in favor of Mei Ling Su was recorded in an effort avoid my client Jade Ho's judgment against Debtor, Maggie Liu ("Debtor").

5.      The Deed of Trust was not recorded until after Ms. Ho's judgment in June, but was incurred in an effort to avoid Ms. Ho's judgment lien.  Specifically, in May 2017, when the state court judge made a decision to enter judgment in favor of Ms. Ho, Debtor's attorney had already emailed me that Debtor was going to file bankruptcy if Ms. Ho did not accept her settlement offer. A true and correct copy of the correspondence I received from Debtor's state court counsel is attached hereto as Exhibit "6."

6.      Based on the foregoing, Debtor knew she was going to file bankruptcy and that Ms. Ho was going to have a lien on it as a result of judgment and to hinder my client's judgment enforcement efforts, encumbered the Newport Coast Property with the Deed of Trust in favor of Ms. Su.

7.      I declare under penalty of perjury that the foregoing is true and correct. Executed on October/4 2019, in Irvine, California.

_____
YALAN ZHENG

EXHIBIT  1

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8                    UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10  In re

11  MAGGIE LIU,

12               Debtor.

13

14  RICHARD A. MARSHACK, Chapter 7 Trustee,

15               Plaintiff,
    v.

16  MEI LING SU.

17               Defendant.

18

19

20

21

22

23

24

| | |
|---|---|
| Case No. 8:17-bk-12832-CB | |
| Chapter 7 | |
| Adv. No. 8:19-ap-01132-CB | |
| COMPLAINT FOR: | |
| (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER; | |
| (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCT FRAUDULENT TRANSFER; | |
| (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFER | |
| (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNPERFECTED LIENS | |
| (5) DECLARATORY RELIEF RE: VALIDITY PRIORITY, AND EXTEND OF ALLEGED LIEN; AND | |
| (6) DISALLOWANCE OF CLAIM. | |
| [11 U.S.C. §§ 502, 544, 547, 548, 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.05] | |

25

26  TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

27  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

28  PARTIES:

1

EXHIBIT 1, PAGE 15

1    Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the

2    Bankruptcy Estate ("Estate") of Maggie Liu ("Debtor"), files this Complaint against Mei Ling Su

3    ("Ms. Su" or "Defendant") and alleges as follows:

4                                        **Parties**

5    1.    On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the

6    United States Code.

7    2.    Plaintiff and Chapter 7 Trustee Richard A. Marshack is the duly appointed and acting

8    Chapter 7 Trustee of the above-entitled Estate under 11 U.S.C. § 702.

9    3.    Plaintiff alleges that Defendant, Mei-Ling Su, is an individual residing at the following

10   address: 6F #605 No-6-1 Ching Cheng ST. Taipei, Taiwan 10547.

11   4.    Debtor scheduled Defendant's claim as unsecured in the amount of $150,000.[1]

12   5.    On or about November 21, 2017, Defendant filed a Proof of Claim against the

13   Debtor's Estate, asserting a secured claim in an amount of $150,000.00 ("Claim"). A true and correct

14   copy of Defendant's Claim is attached as Exhibit "1."

15                      **Statement of Jurisdiction and Venue**

16   6.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A)

17   (matters concerning the administration of the estate); (B) (allowance or disallowance of claims

18   against the estate); (F) (proceedings to determine, avoid, or recover preferences); (H) (proceedings to

19   determine, avoid, or recover fraudulent conveyances); (K) (determinations of the validity, extent, or

20   priority of liens); and (O) (other proceedings affecting the liquidation of the assets of the estate). To

21   the extent any claim for relief in this complaint is determined to be a *Stern*-claim or not to be a core

22   proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

23   7.    Defendant has submitted to the jurisdiction of this Court by virtue of filing the Claim.

24   8.    This adversary proceeding alleges claims for relief pursuant to 11 U.S.C. §§ 502, 544,

25   547, 548, 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.05.

26

27

28
_____
[1] On October 29, 2018, as Dk. No. 224, Debtor's schedules were amended to reflect Defendant's claim as secured.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 16

9.      Plaintiff, as the Chapter 7 Trustee of Debtor's Estate, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

10.      This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in, arises under, and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re Maggie Liu* under assigned Case No. 8:17-bk-12832-CB.

11.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## General Allegations

12.      On June 26, 2017, Debtor purportedly executed a promissory note in favor of Defendant for $150,000 with interest at 3% per annum ("Note"). The alleged Note is attached as Exhibit "2."

13.      Under the terms of the alleged Note, no payments were due and owing until the maturity of the Note which was the earlier of June 1, 2033, or the day on when the Newport Coast Property is sold or transferred by Debtor to a third party.

14.      On June 27, 2018, a short form deed of trust and assignment of rents ("Deed of Trust") was purportedly recorded by Mr. Harold Laufer ("Mr. Laufer") in favor of Defendant, against the Newport Coast Property to secure repayment of the Note. A true and correct copy of the Deed of Trust is attached as Exhibit "3."

15.      On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date").

16.       On March 20, 2018, as Dk. No. 158, Trustee filed a motion for order authorizing the sale of the Newport Coast Property ("Sale Motion"). On May 9, 2018, as Dk. No. 187, the Court entered an Order granting Trustee's Sale Motion. Per the terms of the Order, Defendant's alleged lien attached to the proceeds of sale with the same validity, priority, and extent as it attached to the Newport Coast Property.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 17

1     17.    As of the Petition Date, the only lien allegedly held by Ms. Su arises from the Deed

2 of Trust recorded 20 days prior to bankruptcy.

3     18.    In her Schedule A, Debtor disclosed her ownership of the Newport Coast Property

4 and valued it at $1,379,833.

5     19.    Trustee's investigation of the Deed of Trust revealed the following:

6     •    On December 15, 2015, Ms. Ho filed a complaint against Debtor, in the Orange

7 County Superior Court, entitled Yu Hua v. Maggie Liu, et al., case number 30-2015-

8 00825301 ("State Court Action"). Ms. Ho's complaint in the State Court Action alleged

9 causes of action including fraud, conversion, breach of fiduciary duty, unfair business

10 practice, money had and received, unjust enrichment, breach of written contract,

11 fraudulent conveyance and constructive fraudulent conveyance.[2]

12     •    The trial in the State Court Action was held on May 1, 2017. Judgment was

13 entered favor of Ms. Ho in the sum of $704,069.00 ("Judgment"). The Notice of Entry of

14 Judgment was filed on or around June 19, 2017.

15     •    On June 21, 2017, an abstract or certified copy of the Judgment for $704,043.90

16 entered in connection with the State Action was recorded with the Orange Comity

17 Recorder by Ms. Ho against the Newport Coast Property ("Judgment Lien").

18     •    On or around May 9, 2017, when the judge in the State Court Action decided to

19 enter judgment in favor of Ms. Ho, Debtor's attorney reached out to counsel for Ms. Ho

20 asserting Debtor was going to file bankruptcy if Ms. Ho did not accept a settlement offer.

21 Simply put, Debtor knew she was going to file bankruptcy and she knew that Ms. Ho was

22 going to have a lien on the Newport Coast Property.

23     •    Before bankruptcy, at a time when Debtor had already decided to file bankruptcy,

24 she purportedly borrowed $150,000 from Defendant pursuant to the alleged Note and

25 Deed of Trust. As such, Trustee alleges, the $150,000 purportedly secured by the Note

26 _____

27 [2] A true and correct copy of the state court docket concerning the State Court Action is attached as

28 Exhibit "4."

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 18

1   and Deed of Trust was incurred with actual intent to hinder, delay, or defraud creditors

2   including the Judgment Lien.

3   •      Harold Laufer ("Mr. Laufer") whose name is listed on the Deed of Trust as the

4   individual who requested its recording denies any involvement in preparing the Note and

5   Deed of Trust. Moreover, Mr. Laufer denies ever representing anyone by Defendant's

6   name as reflected in the Deed of Trust.

7        20.      Trustee alleges that the Deed of Trust is subject to avoidance as: (1) a preferential

8   transfer pursuant to 11 U.S.C. § 547(b); (2) an actual fraudulent transfer pursuant to 11 U.S.C.

9   § 548(a)(1)(A);[3] (3) a constructive fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B);[4] and

10  (4) an unperfected lien pursuant to 11 U.S.C. § 544(b).

11       21.      Trustee also seeks declaratory relief with respect to the validity, priority, and extent

12  of the Deed of Trust.

13       22.      Lastly, Trustee seeks disallowance of the Claim pursuant to 11 U.S.C. § 502.

14                          FIRST CLAIM FOR RELIEF

15           (Avoidance, Recovery, and Preservation of Preferential Transfers)

16                      [11 U.S.C. §§ 547, 550, and 551]

17       23.      Plaintiff realleges and incorporates by this reference, the allegations contained in

18  Paragraphs 1 through 22, inclusive, as though fully set forth herein.

19       24.      Plaintiff alleges that the lien arising from the Deed of Trust resulted in a Transfer for

20  Defendant's benefit.

21       25.      If Defendant actually loaned money to Debtor, she was a creditor at the time of the

22  Transfer.

23       26.      To the extent that the Transfer is not avoided as fraudulent, Plaintiff alleges that the

24  Transfer was on account of an antecedent debt owed by Debtor to Defendant.

25

26

27  [3] Trustee asserts the Deed of Trust may also be avoided under Cal. Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B),
    3439.05, *et seq.*
28  [4] *Supra*, Fn. 3.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 19

1    27.    Plaintiff alleges that the Note and Deed of Trust was made while Debtor was

2 insolvent. Under 11 U.S.C. § 547(f), Debtor is presumed to be insolvent during the 90-day period

3 prior to bankruptcy.

4    28.    Plaintiff alleges that the Transfer occurred within 90 days prior to Debtor's

5 bankruptcy.

6    29.    Unless avoided, the Transfer would enable Defendant to receive more than she would

7 have receive if: (a) the Debtor's Bankruptcy Case was a case under Chapter 7 of Title 11 of the

8 United States Code; (b) the Transfer had not occurred; and (c) Defendant received payment of any

9 actual debt owed to the extent provided for by the Bankruptcy Code.

10    30.    To the extent the Transfer is not avoided as fraudulent, Plaintiff alleges that the

11 Transfer is preferential and subject to avoidance under 11 U.S.C. § 547(b).

12                        <u>SECOND CLAIM FOR RELIEF</u>

13                    (Avoidance of Intentional Fraudulent Transfer)

14    [11 U.S.C. §§ 544, 548(a)(1)(A); Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq.*]

15    31.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

16 in paragraphs 1 through 22, and 24-30, inclusive, as though fully set forth herein.

17    32.    During the four-year period prior to the Petition Date, Plaintiff alleges that Debtor

18 made a Transfer of an interest in property to Defendant totaling not less than $150,000, including but

19 not limited to the Transfer identified in Exhibit "3," with actual intent to hinder, delay, or defraud

20 creditors to which it was indebted at the time of the Transfers or to which it became indebted after

21 the date of such transfer. These Transfers are referred to as the "Actual Fraudulent Transfers."

22    33.    Debtor did not receive reasonably equivalent value in exchange for each of the Actual

23 Fraudulent Transfers.

24    34.    Debtor was insolvent on the date of each of the Actual Fraudulent Transfers or

25 became insolvent as a result of each of the Actual Fraudulent Transfers.

26    35.    The Trustee may avoid the Actual Fraudulent transfers made (a) during the four-year

27 period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code ("Civil Code")

28

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 20

1  § 3439.04(a)(1) et seq.; and (b) during the two-year period prior to the Petition Date pursuant to 11

2  U.S.C. § 548(a)(1)(A).

3                              THIRD CLAIM FOR RELIEF

4                (For Avoidance and Recovery of Constructively Fraudulent Transfer)

5      [11 U.S.C. §§ 544, 548(a)(1)(B); Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq*]

6          36.      Plaintiff realleges and incorporates herein by this reference, the allegations contained

7  in paragraphs 1 through 22, 24-30, and 32-35, inclusive, as though fully set forth herein.

8          37.      During the four-year period prior to the Petition Date, Plaintiff alleges that Debtor

9  made Transfers of interests in property to Defendant totaling not less than $30,000, including but not

10 limited to the Transfer identified in Exhibit "3," for less than reasonably equivalent value and while

11 insolvent. This transfer is referred to as the "Constructive Fraudulent Transfer."

12         38.      The Debtor was insolvent on the date of the Constructive Fraudulent Transfer or

13 became insolvent as a result of the Constructive Fraudulent Transfer, including:

14             a) Debtor was insolvent on the date that the Constructive Fraudulent Transfer was made,

15                or became insolvent as a result of the Constructive Fraudulent Transfer;

16             b) At the time of the Constructive Fraudulent Transfer, Debtor was engaged in business

17                or in a transaction, or was about to engage in business or in a transaction, for which

18                any property remaining with the Debtor was an unreasonably small capital; or

19             c) Debtor intended to incur, or believed that it would incur, debts that would be beyond

20                her ability to pay as such debts matured.

21         39.      The Trustee may avoid the Constructive Fraudulent Transfer pursuant to 11 U.S.C.

22 §§ 548(a) and 544(a) and Civil Code § 3439.04(a)(2)(A), (a)(2)(B), 3439.05, et seq.

23                             FOURTH CLAIM FOR RELIEF

24  (Declaratory Relief – Validity, Priority, and Extent of Alleged Liens and Avoidance of Unperfected

25                                  Secured Claims)

26                          [(11 U.S.C. § 544(a)(3) and FRBP 7001)]

27         40.      Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1

28 through 22, 24-30, 32-35, and 37-39, inclusive, hereof, and hereby repeats and re-alleges the

EXHIBIT 1, PAGE 21

1  allegations contained in said paragraphs with the same force and effect as if said allegations were

2  fully repeated and re-alleged at length herein.

3      41.    Defendant alleges in its Claim that she holds a Deed of Trust and Note against the

4  Newport Coast Property.

5      42.    Additionally, the Deed of Trust is separately avoidable as a wild deed subject to

6  expungement.

7      43.    Applicable California law requires deeds of trust to specifically identify the debt

8  secured by such deed of trust. Valid deeds of trust must provide that such deed of trust secures the

9  payment of an indebtedness evidenced by a promissory note in a certain, specified principal sum of

10 even date. Because a security instrument is merely incident to and measured by the performance of

11 an obligation, there can be no deed of trust without an underlying and enforceable debt or obligation.

12 In essence, a deed of trust has no existence without an obligation specifically identified in such deed

13 of trust.

14     44.    In this case, the Deed of Trust provides:

15         "**For the Purpose of Securing**: 1. Performance of each agreement of [Debtor]
           incorporated by reference or contained herein. 2. Payment of the indebtedness

16         evidenced by *one promissory note of even date herewith, and any extension of
           renewal thereof, for the principal sum of $118,382.52 executed by [Debtor] in*

17         *favor of [Defendant] or order* 3. Payment of such further sums as the then record
           owner of said property may borrow from [Defendant], when evidenced by another

18         note (or notes) reciting it is so secured."

19     45.    Trustee alleges that there is no promissory note bearing the same date as the Deed of

20 Trust in the specific amount of $118,382.52. As such, the Deed of Trust is invalid and subject to

21 avoidance ("Unperfected Lien").

22     46.    Pursuant to 11 U.S.C. § 544(a), a Chapter 7 Trustee may avoid any lien not properly

23 perfected prior to bankruptcy including deeds of trust that do not accurately identify an actual and

24 enforceable promissory note.

25     47.    Plaintiff alleges in the alternative that Debtor did not in fact sign any note or deed of

26 trust in Defendant's favor.

27     48.    Defendant failed to properly perfect any alleged secured claim to the Newport Coast

28 Property under applicable state law as of the date that Debtor filed bankruptcy.

EXHIBIT 1, PAGE 22

49.    Pursuant to 11 U.S.C. § 544 including Section 544(a)(3), Trustee has strong-arm powers to avoid unperfected security interests, including the rights of hypothetical lien creditors and hypothetical *bona fide* purchasers as of the petition date.

50.    Plaintiff may avoid and recover the Deed of Trust for the benefit of the Estate.

FIFTH CLAIM FOR RELIEF

(Recovery and Preservation of Avoided Intentional Transfer, Constructive Fraudulent Transfer, and Unperfected Lien)

[11 U.S.C. §§ 550 and 551]

51.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 22, 24-30, 32-35, 37-39 and 41-50, inclusive, as though fully set forth herein.

52.    The Trustee may recover the avoided Actual Fraudulent Transfer, Constructive Fraudulent Transfer, and the Unperfected Lien or the value of the avoided Transfers pursuant to 11 U.S.C. § 550.

53.    The Trustee may preserve all avoided Actual Fraudulent Transfer, Constructive Fraudulent Transfer and the Unperfected Lien for the benefit of the bankruptcy Estate pursuant to 11 U.S.C. § 551.

SIXTH CLAIM FOR RELIEF

(Disallowance of Claim)

[11 U.S.C. § 502(d)]

54.    Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 22, 24-30, 32-35, 37-39, 41-50, and 52-53, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

55.    Plaintiff alleges that the Transfer made to Defendant as described above constituted an avoidable preferential payment to the extent that Defendant actually loaned money to Debtor.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 23

56.    Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of an entity from which property is recoverable under 11 U.S.C. § 550 or that is a transferee of a voidable transfer, unless such entity has paid the estate the recoverable amount or transferred over such property.

57.    As a result of the foregoing, Defendant's Claim, if any, against the Estate must be disallowed, in its entirety pursuant to 11 U.S.C. § 502(d).

<div align="center">PRAYER</div>

WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff and against Defendant on this Complaint as follows:

<div align="center">ON THE FIRST CLAIM FOR RELIEF</div>

1.    That the Preferential Transfer be avoided pursuant to 11 U.S.C. § 547(a)(1)(A);

<div align="center">ON THE SECOND CLAIM FOR RELIEF</div>

2.    That the Actual Fraudulent Transfer be avoided pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code § 3439.04(a)(1) *et seq*;

<div align="center">ON THE THIRD CLAIM FOR RELIEF</div>

3.    That the Constructive Fraudulent Transfer be avoided pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq*.

<div align="center">ON THE FOURTH CLAIM FOR RELIEF</div>

4.    That the Unperfected Lien be avoided pursuant to 11 U.S.C. § 544.

<div align="center">ON THE FIFTH CLAIM FOR RELIEF</div>

5.    That Plaintiff recover the avoided Actual Fraudulent Transfer or a money judgment in an amount equal to the sum of the avoided Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550; and

6.    That Plaintiff recover the avoided Constructive Fraudulent Transfers or a money judgment in an amount equal to the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

7.    That Plaintiff recover the avoided Unperfected Lien or a money judgment in an amount equal to the avoided Unperfected Lien pursuant to 11 U.S.C. § 550;

/ / /

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT 1, PAGE 24

1    8.    That the avoided Actual Fraudulent Transfer, Constructive Fraudulent Transfer, and

2    Unperfected Lien be preserved pursuant to 11 U.S.C. § 551;

3                          ON THE SIXTH CLAIM FOR RELIEF

4    9.    For the disallowance of Defendant's Claim unless and until any Judgment entered in

5    Plaintiff's favor has been fully satisfied;

6                          ON ALL CLAIMS FOR RELIEF

7    1.    For pre-judgment interest at the maximum rate allowed by law;

8    2.    For costs incurred by Plaintiff in prosecuting this action; and

9    3.    For such other further relief as the Court may deem just and proper.

10

11   Dated:  July 5, 2019                        MARSHACK HAYS LLP

12                                      By: /s/ Laila Masud
                                              D. EDWARD HAYS
13                                            LAILA MASUD
                                              Attorneys for Chapter 7 Trustee
14                                            RICHARD A. MARSHACK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

11

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFER
4846-6132-6202, v. 1/1015-106

EXHIBIT  1

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 28 of 149

Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document      Page 13 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
1 of 7



**Fill in this information to identify the case:**

Debtor 1    Maggie Liu

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number  8:17-bk-12832-CB

---

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Mei Ling Su
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Mei Ling Su
Name

6F #605 NO-6-1 Ching-Cheng ST.
Number    Street

TAIPEI  TAIWAN          10547
City              State              ZIP Code

Contact phone +886918312616

Contact email yingju.chunte@gmail.com

**Where should payments to the creditor be sent? (if different)**

Name

Number    Street

City              State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____ / _____ / _____
              MM    DD    YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

EXHIBIT 1, PAGE 12
EXHIBIT 1, PAGE 27

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 29 of 149
Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document      Page 14 of 43
Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc   CORRECT PDF    Page
2 of 7

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $_____150,000.00_ . **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.
**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ 1,379,833.00
Amount of the claim that is secured:   $ 150,000.00
Amount of the claim that is unsecured: $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

EXHIBIT 1, PAGE 13
EXHIBIT 1, PAGE 28

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 30 of 149

Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document        Page 15 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
3 of 7

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/21/2017
                    MM / DD / YYYY

Mei Ling Su _____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Mei Ling | | Su |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    _____

Company    _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    6F #605 NO-6-1 Ching-Cheng ST.
           Number        Street
           TAIPEI TAIWAN                     10547
           City                State    ZIP Code

Contact phone    +886918312616          Email    yingju.chunte@gmail.com

EXHIBIT 1, PAGE 14
EXHIBIT 1, PAGE 29

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 31 of 149

Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document        Page 16 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
4 of 7

RECORDING REQUESTED BY

HAROLD LAUFER, ESQ.

AND WHEN RECORDED MAIL TO

NAME    MEI-LING SU

ADDRESS    6F-1 No.6-1 Ching-Cheng St.

CITY    Taipei
STATE & ZIP    Taiwan 105

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

24.00

*$R00093756588$*

2017000266025 4:07 pm 06/27/17
175 415 D11 A36 F14    3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00 0.00

TITLE ORDER NO.                    ESCROW NO.                    APN NO. 934-41-078

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this _____ day of _____ June, 2017, between

MAGGIE JIA LIU, a single woman,    herein called Trustor,

whose address is 14 San Sovino, Newport Coast, California 92657,

FIRST AMERICAN TITLE INSURANCE COMPANY, herein called Trustee, and

MEI-LING SU, an Individual,    herein called Beneficiary,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Newport Coast, County of Orange, State of California, described as:

SEE EXHIBIT A ATTACHED HERETO

Commonly known as: 14 San Sovino, Newport Coast, CA 92657

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by the one promissory note of even date herewith, and any extension or renewal thereof, for the principal sum of $118,382.52 executed by Maggie Jia Liu in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY<br>BOOK | DATE<br>PAGE | BOOK PAGE | COUNTY | DATE | BOOK PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL<br>2244 | 9/10/68<br>922 | 1257 574 | ORANGE | 9/6/68 | 8714 147 | SAN BERNARDINO | 9/6/98 | 7090 | 14 | SANTA BARBARA | 9/6/68 |
| KERN<br>T5910 | 9/6/68<br>842 | 4195 363 | VENTURA | 9/6/68 | 3363 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 |
| RIVERSIDE | 9/10/68 | ACCOUNT = 87097 YEAR 1968 | | | | SAN DIEGO | 9/10/68 | SERIES 9 BOOK 1968 PAGE 155820 | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
    The Promissory Note ("Note") secured by this Deed of Trust is subject to Section 2966 of the Civil Code as a balloon payment will be due. This Note is also subject to acceleration upon the sale, transfer, alienation or encumbrance of the property which is the subject of this Deed of Trust.
    The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_____
MAGGIE JIA LIU

Case 8:19-ap-01132-CB   Doc 16   Filed 10/15/19   Entered 10/15/19 15:13:08   Desc
Main Document     Page 32 of 149
Case 8:19-ap-01132-CB   Doc 3   Filed 07/05/19   Entered 07/05/19 11:15:32   Desc
Main Document     Page 17 of 43

Case 8:17-bk-12832-CB   Claim 14-1 Part 2   Filed 11/27/17   Desc  CORRECT PDF   Page
5 of 7

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA         )
                            ) ss
COUNTY OF ORANGE )

On JUNE 27 , 2017, before me, TOMAS VALENZUELA — , a Notary Public, personally appeared **MAGGIE JIA LIU**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

TOMAS VALENZUELA
COMM. # 2078826
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Sep 17, 2018

EXHIBIT 1, PAGE 16
EXHIBIT 1, PAGE 31

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 33 of 149

Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document        Page 18 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
6 of 7

EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel No. 934-41-078

EXHIBIT 1, PAGE 17
EXHIBIT 1, PAGE 32

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 34 of 149

Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document    Page 19 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc    CORRECT PDF    Page
7 of 7

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

Case number: **8:17-bk-12832-CB**

Debtor 1: **Maggie Liu**

Debtor 2:

Last 4 digits to identify:

Creditor: **Mei Ling Su**

Servicer:

Fixed accrual/daily
simple interest/other:

## Part 2: Total Debt Calculation

Principal balance: **150,000.00**

Interest due:

Fees, costs due:

Escrow deficiency for
funds advanced:

Less total funds on hand:

Total debt: **150,000.00**

## Part 3: Arrearage as of Date of the Petition

Principal & interest due:

Prepetition fees due:

Escrow deficiency for funds
advanced:

Projected escrow shortage:

Less funds on hand:

Total prepetition arrearage:

## Part 4: Monthly Mortgage Payment

Principal & interest:

Monthly escrow:

Private mortgage
insurance:

Total monthly
payment:

## Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |

Official Form 410A

Mortgage Proof of Claim Attachment

page 1 of 1

EXHIBIT 1, PAGE 18
EXHIBIT 1, PAGE 33

EXHIBIT  2

EXHIBIT 1, PAGE 34

$150000.00                                              June 27, 2017
                                                        Newport Coast, California

## SECURED PROMISSORY NOTE

1.    **PROMISE TO PAY**.  For value received, Maker promises to pay to Holder at
Los Angeles, California, or at such other place as may be designated by Holder, the
principal amount of One Hundred Fifty Thousand (150000.00) with interest accruing at
an annual rate of Three percent (3%). Payment shall be made in immediately available
funds in lawful money of the United States at any address designated by Holder.

2.    **PAYMENT SCHEDULE**.  No payments are due and owing until the maturity of
this note, which is the earlier of June 1, 2033 or the day on which the real estate which is
the security for this Note shall be sold or otherwise transferred to a third party by Maker.
Upon maturity all accrued interest and the principal balance shall be due and payable in
full.

3.    **PREPAYMENT**.  This Note may be prepaid in part or in full at any time without
penalty.

4.    **DEFAULT INTEREST**.  In the event payment in full is not paid at maturity (a
"Note Default"), without waiving any rights of Maker, then until payment in full is
received by the Holder, interest will accrue on the then unpaid principal balance of this
Note at a default rate equal to Three percent (3.0%) per annum.

5.    **SECURITY**. This Note is secured by a Deed of Trust securing real estate
identified as 14 San Sovino, Newport Coast, California executed by Maker.

6.    **MODIFICATION AND WAIVER**.  The modification or waiver of any of
Maker's obligations or Holder's rights under this Note must be contained in a writing
signed by Holder.  Holder may perform any of Holder's obligations or delay or fail to
exercise any of its rights without causing a waiver of those obligations or rights against
any co-borrower, guarantor, the Collateral or any other property securing the obligations.

1

EXHIBIT 2, PAGE 19
EXHIBIT 1, PAGE 35

7.    **SEVERABILITY.**    If any provision of this Note is invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**8.    NON-NEGOTIABILITY; NO ASSIGNMENT.**    This Note, and the obligations and rights of Maker and the Holder hereunder, shall be binding upon and inure to the benefit of Maker, the Holder, and their respective heirs, successors and permitted assigns. This Note is not negotiable or transferable by Holder. Holder may not assign this Note without Maker's prior written approval which may be withheld in Maker's unfettered discretion.

9.    **GOVERNING LAW; VENUE.**    This Note shall be governed by and construed in accordance with the laws of the State of California applicable to promissory notes made and performed in California and without regard to any choice of law principles that could result in the application of another state's laws.

10.    **COLLECTION COSTS.**    If this Note is placed in the hands of an attorney for collection because of a Note Default by Maker, or to defend or enforce any of the Holder's rights hereunder (including the defense or enforcement of such rights in a bankruptcy proceeding), whether or not any litigation is commenced, the Maker will pay to the Holder hereof the Holder's reasonable attorneys' fees together with all court costs and other expenses paid by such Holder.

11.    **DELAYS.**    No delay or omission by Holder in exercising any right or remedy under this Note, or any other agreement executed in connection with this Note, shall operate as a waiver of the future exercise of that right or remedy or of any other rights or remedies under this Note or any other agreement executed in connection with this Note.

12.    **WAIVERS.**    Maker hereby waives presentment, demand for payment, notice of nonpayment, protest, notice of protest, notice of dishonor and all other notices in connection herewith and diligence in collecting this Note.

13.    **INTERPRETATION; CONSTRUCTION.**    The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend or modify the scope or intent of this Note. Any reference to Holder in this Note shall include any successor to or permitted assignee of Holder. The term "or" is not exclusive, and the term "including" shall mean "including without limitation."

14.    **MISCELLANEOUS.**    This Note is subject to Section 2966 of the Civil Code, which provides that the Holder of this note shall give written notice to the Maker/trustor,

2

**BY SIGNING BELOW, MAKER ACKNOWLEDGES THAT MAKER HAS READ, UNDERSTANDS AND AGREES TO THE PROVISIONS OF THIS NOTE, INCLUDING THE TERMS AND CONDITIONS SET OUT ABOVE, AND FURTHER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.**

**HOLDER:**                              MeiLing Su

**MAKER**:                               **Maggie Jia Liu, an individual**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _Orange_
Subscribed and sworn to (or affirmed) before me on this
_28_ day of _June_ _2017_ by
_MeiLing Su & Maggie Jia Liu_
proved to me on the basis of satisfactory evidence to be
the person(s) who appeared before me.
Signature _____ (seal)

JIN LI
Commission # 2112369
Notary Public - California
Orange County
My Comm. Expires Jun 10, 2019

4

EXHIBIT 2, PAGE 21
EXHIBIT 1, PAGE 37

EXHIBIT 3

EXHIBIT 1, PAGE 38

Case 8:19-ap-01132-CB   Doc 16   Filed 10/15/19   Entered 10/15/19 15:13:08   Desc
Main Document     Page 40 of 149

Case 8:19-ap-01132-CB   Doc 3   Filed 07/05/19   Entered 07/05/19 11:15:32   Desc
Main Document     Page 25 of 43

Case 8:17-bk-12832-CB   Claim 14-1 Part 2   Filed 11/27/17   Desc CORRECT PDF   Page
4 of 7

RECORDING REQUESTED BY

HAROLD LAUFER, ESQ.

AND WHEN RECORDED MAIL TO

NAME    MEI-LING SU

ADDRESS    6F-1 No.6-1 Ching-Cheng St.

CITY    Taipei
STATE & ZIP    Taiwan 105

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

24.00
* $ R 0 0 0 9 3 7 5 6 8 8 8 *
2017000266025 4:07 pm 06/27/17
175 415 D11 A36 F14   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

TITLE ORDER NO.                    ESCROW NO.                    APN NO. 934-41-078

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this                day of                June, 2017, between

MAGGIE JIA LIU, a single woman,   herein called Trustor,

whose address is 14 San Sovino, Newport Coast, California 92657,

FIRST AMERICAN TITLE INSURANCE COMPANY, herein called Trustee, and

MEI-LING SU, an Individual,        herein called Beneficiary,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Newport Coast, County of Orange, State of California, described as:

SEE EXHIBIT A ATTACHED HERETO

Commonly known as: 14 San Sovino, Newport Coast, CA 92657

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, for the principal sum of $118,382.52 executed by Maggie Jia Liu in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY BOOK | DATE PAGE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1267 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/6/68 | 7090 | 14 | SANTA BARBARA | 9/6/68 |
| 2244 | 922 | | | | | | | | | | | | |
| KERN | 9/6/68 | 4195 | 363 | VENTURA | 9/6/68 | 3363 | 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 |
| T5910 | 842 | | | | | | | | | | | | |
| RIVERSIDE | 9/10/68 | | | ACCOUNT = 87097 YEAR 1968 | | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155820 | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
The Promissory Note ("Note") secured by this Deed of Trust is subject to Section 2966 of the Civil Code as a balloon payment will be due. This Note is also subject to acceleration upon the sale, transfer, alienation or encumbrance of the property which is the subject of this Deed of Trust.
The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

MAGGIE JIA LIU

EXHIBIT 3, PAGE 22
EXHIBIT 1, PAGE 39

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 41 of 149
Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document    Page 26 of 43

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
5 of 7

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                           ) ss
COUNTY OF ORAN GE)

On JUNE 27 , 2017, before me,  TOMAS VALENZUELA   ——, a Notary Public, personally appeared  MAGGIE JIA LIU, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

TOMAS VALENZUELA
COMM. # 2078826
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Sep 17, 2018

EXHIBIT 3, PAGE 23
EXHIBIT 1, PAGE 40

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 42 of 149
Case 8:19-ap-01132-CB    Doc 3    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Main Document    Page 27 of 43
Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
6 of 7

EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel No. 934-41-078

EXHIBIT  4

EXHIBIT 1, PAGE 42

Civil Case Access - Print Case Information                                      Page 1 of 15

Case Summary:

| Case Id: | 30-2015-00825301-CU-FR-CJC |
|---|---|
| Case Title: | YU HUO VS. MAGGIE LIU |
| Case Type: | FRAUD |
| Filing Date: | 12/15/2015 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3361474 RECEIVED ON 12/15/2015 01:13:25 PM. | 12/16/2015 | | *NV* | |
| 2 | COMPLAINT FILED BY HUO, YU ON 12/15/2015 | 12/15/2015 | | 13 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY HUO, YU ON 12/15/2015 | 12/15/2015 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY HUO, YU ON 12/15/2015 | 12/15/2015 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 11892865 AND RECEIPT NUMBER 11717076. | 12/16/2015 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SCHULTE, MARY ON 12/15/2015. | 12/15/2015 | | 1 pages | ☐ |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 04/13/2016 AT 08:45:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 01/11/2016 | | 2 pages | ☐ |
| 8 | E-FILING TRANSACTION 3379092 RECEIVED ON 02/08/2016 07:13:08 PM. | 02/11/2016 | | *NV* | |
| 9 | PROOF OF SERVICE OF SUMMONS FILED BY HUO, YU ON 02/08/2016 | 02/08/2016 | | 1 pages | ☐ |
| 10 | REQUEST FOR ENTRY OF DEFAULT FILED BY HUO, YU ON 02/08/2016 | 02/08/2016 | | 2 pages | ☐ |
| 11 | PROPOSED STIPULATION AND ORDER RECEIVED ON 03/09/2016 | 03/09/2016 | | 3 pages | ☐ |
| 12 | ORDER - OTHER (TO SET ASIDE DEFAULT) FILED BY LIU, MAGGIE ON 03/10/2016 | 03/10/2016 | | 3 pages | ☐ |
| 14 | E-FILING TRANSACTION 4515280 RECEIVED ON 03/09/2016 04:37:45 PM. | 03/11/2016 | | *NV* | |
| 15 | PROPOSED STIPULATION AND ORDER RECEIVED ON 03/09/2016. | 03/09/2016 | | 3 pages | ☐ |
| 16 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 1,305.00, TRANSACTION NUMBER 11934769 AND RECEIPT NUMBER 11758954. | 03/11/2016 | | 1 pages | ☐ |
| 17 | E-FILING TRANSACTION NUMBER 4515281 REJECTED. | 03/11/2016 | | 1 pages | ☐ |

EXHIBIT 4, PAGE 25
EXHIBIT 1, PAGE 43

Civil Case Access - Print Case Information                                    Page 2 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 18 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/15/2016 | | 4 pages | ☐ |
| 19 | E-FILING TRANSACTION 3391438 RECEIVED ON 03/15/2016 02:57:55 PM. | 03/16/2016 | | NV | |
| 20 | ANSWER TO COMPLAINT FILED BY LIU, ALICE ON 03/15/2016 | 03/15/2016 | | 8 pages | ☐ |
| 21 | ANSWER TO COMPLAINT FILED BY LIU, CHRISTIAN ON 03/15/2016 | 03/15/2016 | | 8 pages | ☐ |
| 22 | E-FILING TRANSACTION 4520422 RECEIVED ON 03/21/2016 03:16:59 PM. | 03/22/2016 | | NV | |
| 23 | ANSWER TO COMPLAINT FILED BY LIU, MAGGIE ON 03/21/2016 | 03/21/2016 | | 8 pages | ☐ |
| 24 | CROSS-COMPLAINT FILED BY LIU, MAGGIE ON 03/21/2016 | 03/21/2016 | | 6 pages | ☐ |
| 25 | E-FILING TRANSACTION 4526369 RECEIVED ON 03/31/2016 02:09:54 PM. | 04/01/2016 | | NV | |
| 26 | CASE MANAGEMENT STATEMENT FILED BY HUO, YU ON 04/01/2016 | 04/01/2016 | | 6 pages | ☐ |
| 27 | E-FILING TRANSACTION 2453925 RECEIVED ON 04/08/2016 06:43:09 PM. | 04/11/2016 | | NV | |
| 28 | NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRITS OF ATTACHMENT FILED BY HUO, YU ON 04/08/2016 | 04/08/2016 | | 4 pages | ☐ |
| 29 | APPLICATION FOR RIGHT TO ATTACHMENT ORDER TEMPORARY PROTECTIVE ORDER ETC (ATTACHMENT) FILED BY HUO, YU ON 04/08/2016 | 04/08/2016 | | 12 pages | ☐ |
| 30 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY HUO, YU ON 04/08/2016 | 04/08/2016 | | 7 pages | ☐ |
| 31 | RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT RECEIVED ON 04/08/2016. | 04/08/2016 | | 3 pages | ☐ |
| 32 | PAYMENT RECEIVED BY INTRESYS FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 11949300 AND RECEIPT NUMBER 11773453. | 04/11/2016 | | 1 pages | ☐ |
| 33 | APPLICATION FOR RIGHT TO ATTACH ORDER/WRIT OF ATTACHMENT SCHEDULED FOR 05/12/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 04/11/2016 | | NV | |
| 34 | E-FILING TRANSACTION 3401839 RECEIVED ON 04/11/2016 05:07:53 PM. | 04/11/2016 | | NV | |
| 35 | CASE MANAGEMENT STATEMENT FILED BY LIU, MAGGIE; LIU, ALICE; LIU, CHRISTIAN ON 04/11/2016 | 04/11/2016 | | 6 pages | ☐ |
| 36 | E-FILING TRANSACTION 4531569 RECEIVED ON 04/11/2016 05:53:28 PM. | 04/11/2016 | | NV | |
| 37 | | 04/11/2016 | | 6 pages | ☐ |

EXHIBIT 4, PAGE 26
EXHIBIT 1, PAGE 44

Civil Case Access - Print Case Information                                    Page 3 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | CASE MANAGEMENT STATEMENT FILED BY LIU, MAGGIE; LIU, ALICE; YAN, HUI ON 04/11/2016 | | | | |
| 38 | JURY TRIAL SCHEDULED FOR 02/27/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 04/13/2016 | | *NV* | |
| 39 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 12/09/2016 AT 08:30:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 04/13/2016 | | *NV* | |
| 40 | THE JURY TRIAL IS SCHEDULED FOR 02/27/2017 AT 09:00 AM IN DEPARTMENT C21. | 04/13/2016 | | *NV* | |
| 41 | THE MANDATORY SETTLEMENT CONFERENCE IS SCHEDULED FOR 12/09/2016 AT 08:30 AM IN DEPARTMENT C21. | 04/13/2016 | | *NV* | |
| 42 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 04/13/2016 08:45:00 AM. | 04/13/2016 | | 1 pages | ☐ |
| 43 | PAYMENT FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, TRANSACTION NUMBER 11934769 IN THE AMOUNT OF 1,305.00 VOIDED DUE TO OTHER. | 04/27/2016 | | 1 pages | ☐ |
| 44 | NOTICE OF FEES DUE ELECTRONIC FILING | 04/27/2016 | | 2 pages | ☐ |
| 45 | R#11758954 VOIDED DUE TO NON-PAYMENT OF E-FILING #4515280. NOTICE OF FEES DUE MAILED. | 04/27/2016 | | *NV* | |
| 46 | E-FILING TRANSACTION 4539918 RECEIVED ON 04/28/2016 03:08:06 PM. | 05/03/2016 | | *NV* | |
| 47 | NOTICE OF PENDENCY OF ACTION FILED BY HUO, YU ON 04/28/2016 | 04/28/2016 | | 5 pages | ☐ |
| 48 | ANSWER TO CROSS-COMPLAINT FILED BY HUO, YU ON 04/28/2016 | 04/28/2016 | | 7 pages | ☐ |
| 49 | E-FILING TRANSACTION 4543486 RECEIVED ON 05/05/2016 09:38:58 PM. | 05/06/2016 | | *NV* | |
| 50 | OPPOSITION FILED BY LIU, MAGGIE; LIU, ALICE; LIU, CHRISTIAN; LIU, MAGGIE ON 05/05/2016 | 05/05/2016 | | 36 pages | ☐ |
| 51 | OBJECTION FILED BY LIU, MAGGIE; LIU, ALICE; LIU, CHRISTIAN; LIU, MAGGIE ON 05/05/2016 | 05/05/2016 | | 3 pages | ☐ |
| 52 | E-FILING TRANSACTION 1321204 RECEIVED ON 05/09/2016 03:50:10 PM. | 05/09/2016 | | *NV* | |
| 53 | PROOF OF SERVICE FILED BY LIU, MAGGIE; LIU, ALICE; LIU, CHRISTIAN ON 05/09/2016 | 05/09/2016 | | 2 pages | ☐ |
| 54 | PROPOSED STIPULATION AND ORDER RECEIVED ON 05/10/2016 | 05/10/2016 | | 3 pages | ☐ |
| 55 | PAYMENT RECEIVED BY THE KARLIN LAW FIRM LLP FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 1,305.00, | 05/10/2016 | | 1 pages | ☐ |

EXHIBIT 4, PAGE 27
EXHIBIT 1, PAGE 45

Civil Case Access - Print Case Information                                    Page 4 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|------|--------|-------------|--------------|----------|--------|
|  | TRANSACTION NUMBER 11964850 AND RECEIPT NUMBER 11788995. | | | | |
| 56 | PROPOSED STIPULATION AND ORDER RECEIVED ON 05/10/2016 | 05/10/2016 | | 4 pages | ☐ |
| 57 | APPLICATION FOR RIGHT TO ATTACH ORDER/WRIT OF ATTACHMENT SCHEDULED FOR 05/19/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 05/10/2016 | | *NV* | |
| 58 | E-FILING TRANSACTION 4545619 RECEIVED ON 05/10/2016 06:38:57 PM. | 05/10/2016 | | *NV* | |
| 59 | REPLY - OTHER FILED BY HUO, YU ON 05/10/2016 | 05/10/2016 | | 7 pages | ☐ |
| 60 | E-FILING TRANSACTION NUMBER 3411959 REJECTED. | 05/11/2016 | | 1 pages | ☐ |
| 61 | E-FILING TRANSACTION 2461444 RECEIVED ON 05/10/2016 11:32:48 AM. | 05/11/2016 | | *NV* | |
| 62 | STIPULATION AND ORDER (CONTINUING HEARING) FILED BY HUO, YU ON 05/10/2016 | 05/10/2016 | | 4 pages | ☐ |
| 63 | PAYMENT RECEIVED BY INTRESYS FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 11965683 AND RECEIPT NUMBER 11789828. | 05/11/2016 | | 1 pages | ☐ |
| 64 | E-FILING TRANSACTION 1322156 RECEIVED ON 05/13/2016 02:59:51 PM. | 05/16/2016 | | *NV* | |
| 65 | REPLY TO OPPOSITION FILED BY HUO, YU ON 05/13/2016 | 05/13/2016 | | 43 pages | ☐ |
| 66 | RESPONSE FILED BY HUO, YU ON 05/13/2016 | 05/13/2016 | | 5 pages | ☐ |
| 67 | RESPONSE FILED BY HUO, YU ON 05/13/2016 | 05/13/2016 | | 6 pages | ☐ |
| 68 | PAYMENT RECEIVED BY LAW OFF OF PARK & ZHENG FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 11970247 AND RECEIPT NUMBER 11794403. | 05/19/2016 | | 1 pages | ☐ |
| 69 | MINUTES FINALIZED FOR APPLICATION FOR RIGHT TO ATTACH ORDER/WRIT OF ATTACHMENT 05/19/2016 01:30:00 PM. | 05/20/2016 | | 2 pages | ☐ |
| 70 | E-FILING TRANSACTION 2464426 RECEIVED ON 05/20/2016 10:25:27 AM. | 05/20/2016 | | *NV* | |
| 71 | NOTICE OF RULING FILED BY LIU, MAGGIE; LIU, ALICE; LIU, CHRISTIAN ON 05/20/2016 | 05/20/2016 | | 3 pages | ☐ |
| 72 | E-FILING TRANSACTION 4551278 RECEIVED ON 05/23/2016 11:06:10 AM. | 05/26/2016 | | *NV* | |
| 73 | REQUEST FOR DISMISSAL FILED BY LIU, MAGGIE ON 05/23/2016 | 05/23/2016 | | 3 pages | ☐ |
| 74 | CROSS-COMPLAINT DISPOSED WITH DISPOSITION OF REQUEST FOR DISMISSAL. | 05/23/2016 | | *NV* | |

EXHIBIT 4, PAGE 28
EXHIBIT 1, PAGE 46

Civil Case Access - Print Case Information                    Page 5 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 75 | PAYMENT FOR 37 - STIPULATION AND ORDER, TRANSACTION NUMBER 11965683 IN THE AMOUNT OF 20.00 VOIDED DUE TO OTHER. | 06/03/2016 | | 1 pages | ☐ |
| 76 | RECEIPT# 11789828 VOIDED DUE TO NON-PAYMENT OF E-FILING# 2461444. NOTICE OF FEES DUE MAILED. | 06/03/2016 | | *NV* | |
| 77 | NOTICE OF FEES DUE ELECTRONIC FILING | 06/03/2016 | | 1 pages | ☐ |
| 78 | PAYMENT RECEIVED BY ZHENG, YALAN FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 11980819 AND RECEIPT NUMBER 11804899. | 06/09/2016 | | 1 pages | ☐ |
| 79 | E-FILING TRANSACTION 3432105 RECEIVED ON 07/06/2016 02:19:35 PM. | 07/07/2016 | | *NV* | |
| 80 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD FILED BY LIU, MAGGIE ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 81 | DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FILED BY LIU, MAGGIE ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 82 | ORDER GRANTING ATTORNEYS MOTION TO BE RELIEVED AS COUNSEL RECEIVED ON 07/06/2016. | 07/06/2016 | | 2 pages | ☐ |
| 83 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD FILED BY LIU, CHRISTIAN ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 84 | DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FILED BY LIU, CHRISTIAN ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 85 | ORDER GRANTING ATTORNEYS MOTION TO BE RELIEVED AS COUNSEL RECEIVED ON 07/06/2016. | 07/06/2016 | | 2 pages | ☐ |
| 86 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD FILED BY LIU, ALICE ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 87 | DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FILED BY LIU, ALICE ON 07/06/2016 | 07/06/2016 | | 4 pages | ☐ |
| 88 | ORDER GRANTING ATTORNEYS MOTION TO BE RELIEVED AS COUNSEL RECEIVED ON 07/06/2016. | 07/06/2016 | | 2 pages | ☐ |
| 89 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 180.00, TRANSACTION NUMBER 11994879 AND RECEIPT NUMBER 11818984. | 07/07/2016 | | 1 pages | ☐ |
| 90 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD SCHEDULED FOR 08/04/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 07/07/2016 | | *NV* | |

EXHIBIT 4, PAGE 29
EXHIBIT 1, PAGE 47

Civil Case Access - Print Case Information                                    Page 6 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 91 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD SCHEDULED FOR 08/04/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 07/07/2016 | | *NV* | |
| 92 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD SCHEDULED FOR 08/04/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 07/07/2016 | | *NV* | |
| 93 | E-FILING TRANSACTION 2475896 RECEIVED ON 07/06/2016 02:53:02 PM. | 07/08/2016 | | *NV* | |
| 94 | SUBSTITUTION OF ATTORNEY FILED BY LIU, MAGGIE ON 07/06/2016 | 07/06/2016 | | 2 pages | ☐ |
| 95 | SUBSTITUTION OF ATTORNEY FILED BY LIU, CHRISTIAN ON 07/06/2016 | 07/06/2016 | | 2 pages | ☐ |
| 96 | SUBSTITUTION OF ATTORNEY FILED BY LIU, ALICE ON 07/06/2016 | 07/06/2016 | | 2 pages | ☐ |
| 97 | E-FILING TRANSACTION NUMBER 2476729 REJECTED. | 07/12/2016 | | 1 pages | ☐ |
| 98 | E-FILING TRANSACTION NUMBER 4573695 REJECTED. | 07/12/2016 | | 1 pages | ☐ |
| 99 | E-FILING TRANSACTION NUMBER 2476731 REJECTED. | 07/12/2016 | | 1 pages | ☐ |
| 100 | E-FILING TRANSACTION 3434729 RECEIVED ON 07/13/2016 02:10:50 PM. | 07/13/2016 | | *NV* | |
| 101 | NOTICE OF WITHDRAWAL OF MOTION FILED BY LIU, MAGGIE ON 07/13/2016 | 07/13/2016 | | 4 pages | ☐ |
| 108 | MINUTES FINALIZED FOR CHAMBERS WORK 07/20/2016 11:05:00 AM. | 07/20/2016 | | 1 pages | ☐ |
| 109 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 07/20/2016 | | 2 pages | ☐ |
| 110 | E-FILING TRANSACTION 2486391 RECEIVED ON 08/17/2016 11:44:25 AM. | 08/19/2016 | | *NV* | |
| 111 | MOTION TO COMPEL ANSWERS TO INTERROGATORIES (FORM) FILED BY HUO, YU ON 08/17/2016 | 08/17/2016 | | 21 pages | ☐ |
| 112 | MOTION TO COMPEL ANSWERS TO INTERROGATORIES (SPECIAL) FILED BY HUO, YU ON 08/17/2016 | 08/17/2016 | | 17 pages | ☐ |
| 113 | MOTION TO COMPEL PRODUCTION/INSPECTION OF DOCUMENTS OR THINGS FILED BY HUO, YU ON 08/17/2016 | 08/17/2016 | | 17 pages | ☐ |
| 114 | MOTION TO DEEM ANSWERS ADMITTED FILED BY HUO, YU ON 08/17/2016 | 08/17/2016 | | 15 pages | ☐ |
| 115 | PAYMENT RECEIVED BY INTRESYS FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER | 08/19/2016 | | 1 pages | ☐ |

EXHIBIT 4, PAGE 30
EXHIBIT 1, PAGE 48

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT IN THE AMOUNT OF 240.00, TRANSACTION NUMBER 12017430 AND RECEIPT NUMBER 11841497. | | | | |
| 116 | MOTION TO COMPEL ANSWERS TO FORM INTERROGATORIES SCHEDULED FOR 09/15/2016 AT 01:30:00 PM IN C21 AT . | 08/19/2016 | | *NV* | |
| 117 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES SCHEDULED FOR 09/15/2016 AT 01:30:00 PM IN C21 AT . | 08/19/2016 | | *NV* | |
| 118 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 09/15/2016 AT 01:30:00 PM IN C21 AT . | 08/19/2016 | | *NV* | |
| 119 | MOTION TO DEEM FACTS ADMITTED SCHEDULED FOR 09/15/2016 AT 01:30:00 PM IN C21 AT . | 08/19/2016 | | *NV* | |
| 120 | E-FILING TRANSACTION 2491034 RECEIVED ON 09/06/2016 10:55:29 AM. | 09/06/2016 | | *NV* | |
| 121 | OPPOSITION FILED BY LIU, MAGGIE ON 09/06/2016 | 09/06/2016 | | 7 pages | ☐ |
| 122 | OPPOSITION FILED BY LIU, MAGGIE ON 09/06/2016 | 09/06/2016 | | 7 pages | ☐ |
| 123 | OPPOSITION FILED BY LIU, MAGGIE ON 09/06/2016 | 09/06/2016 | | 7 pages | ☐ |
| 124 | OPPOSITION FILED BY LIU, MAGGIE ON 09/06/2016 | 09/06/2016 | | 7 pages | ☐ |
| 125 | E-FILING TRANSACTION 3455296 RECEIVED ON 09/08/2016 05:13:08 PM. | 09/08/2016 | | *NV* | |
| 126 | REPLY TO OPPOSITION FILED BY HUO, YU ON 09/08/2016 | 09/08/2016 | | 9 pages | ☐ |
| 127 | REPLY TO OPPOSITION FILED BY HUO, YU ON 09/08/2016 | 09/08/2016 | | 9 pages | ☐ |
| 128 | REPLY TO OPPOSITION FILED BY HUO, YU ON 09/08/2016 | 09/08/2016 | | 9 pages | ☐ |
| 129 | E-FILING TRANSACTION 4600125 RECEIVED ON 09/01/2016 01:44:57 PM. | 09/13/2016 | | *NV* | |
| 130 | SUBSTITUTION OF ATTORNEY FILED BY LIU, MAGGIE ON 09/01/2016 | 09/01/2016 | | 3 pages | ☐ |
| 131 | MOTION TO COMPEL ANSWERS TO FORM INTERROGATORIES SCHEDULED FOR 10/20/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 09/15/2016 | | *NV* | |
| 132 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES SCHEDULED FOR 10/20/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 09/15/2016 | | *NV* | |
| 133 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 10/20/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 09/15/2016 | | *NV* | |
| 134 | MOTION TO DEEM FACTS ADMITTED SCHEDULED FOR 10/20/2016 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 09/15/2016 | | *NV* | |

EXHIBIT 4, PAGE 31
EXHIBIT 1, PAGE 49

Civil Case Access - Print Case Information                                    Page 8 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 135 | MOTION TO COMPEL ANSWERS TO FORM INTERROGATORIES CONTINUED TO 10/20/2016 AT 01:30 PM IN THIS DEPARTMENT. | 09/15/2016 | | NV | |
| 136 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES CONTINUED TO 10/20/2016 AT 01:30 PM IN THIS DEPARTMENT. | 09/15/2016 | | NV | |
| 137 | MOTION TO COMPEL PRODUCTION CONTINUED TO 10/20/2016 AT 01:30 PM IN THIS DEPARTMENT. | 09/15/2016 | | NV | |
| 138 | MOTION TO DEEM FACTS ADMITTED CONTINUED TO 10/20/2016 AT 01:30 PM IN THIS DEPARTMENT. | 09/15/2016 | | NV | |
| 139 | MINUTES FINALIZED FOR MULTIPLE EVENTS 09/15/2016 01:30:00 PM. | 09/15/2016 | | 2 pages | ☐ |
| 140 | MINUTES FINALIZED FOR MULTIPLE EVENTS 10/20/2016 01:30:00 PM. | 10/20/2016 | | 2 pages | |
| 141 | PROPOSED ORDER RECEIVED ON 10/27/2016 | 10/27/2016 | | 2 pages | ☐ |
| 142 | E-FILING TRANSACTION 2504830 RECEIVED ON 10/27/2016 12:29:47 PM. | 10/27/2016 | | NV | |
| 143 | PROPOSED ORDER (COVER SHEET) (ELECTRONIC FILING) FILED BY HUO, YU ON 10/27/2016 | 10/27/2016 | | 4 pages | ☐ |
| 144 | E-FILING TRANSACTION 4627155 RECEIVED ON 10/27/2016 12:29:56 PM. | 10/28/2016 | | NV | |
| 145 | ORDER - OTHER (RE: MOTIONS TO COMPEL) FILED BY HUO, YU ON 10/28/2016 | 10/28/2016 | | 2 pages | ☐ |
| 146 | E-FILING TRANSACTION 4643435 RECEIVED ON 12/02/2016 10:58:45 AM. | 12/02/2016 | | NV | |
| 147 | MANDATORY SETTLEMENT CONFERENCE STATEMENT RECEIVED ON 12/02/2016. | 12/02/2016 | | NA | |
| 148 | MINUTES FINALIZED FOR MANDATORY SETTLEMENT CONFERENCE 12/09/2016 08:30:00 AM. | 12/09/2016 | | 1 pages | ☐ |
| 149 | E-FILING TRANSACTION 3492236 RECEIVED ON 12/21/2016 12:54:09 PM. | 12/27/2016 | | NV | |
| 150 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD FILED BY LIU, MAGGIE ON 12/21/2016 | 12/21/2016 | | 3 pages | ☐ |
| 151 | DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FILED BY LIU, MAGGIE ON 12/21/2016 | 12/21/2016 | | 3 pages | ☐ |
| 152 | ORDER GRANTING ATTORNEYS MOTION TO BE RELIEVED AS COUNSEL RECEIVED ON 12/21/2016. | 12/21/2016 | | 3 pages | ☐ |
| 153 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12082401 AND RECEIPT NUMBER 11906369. | 12/27/2016 | | 1 pages | ☐ |
| 154 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD SCHEDULED FOR 01/12/2017 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 12/27/2016 | | NV | |

Civil Case Access - Print Case Information                              Page 9 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 155 | E-FILING TRANSACTION 3495547 RECEIVED ON 01/04/2017 11:27:15 AM. | 01/04/2017 | | *NV* | |
| 156 | OPPOSITION FILED BY HUO, YU ON 01/04/2017 | 01/04/2017 | | 15 pages | ☐ |
| 157 | MINUTES FINALIZED FOR MOTION TO BE RELIEVED AS COUNSEL OF RECORD 01/12/2017 01:30:00 PM. | 01/12/2017 | | 1 pages | ☐ |
| 158 | E-FILING TRANSACTION 3498564 RECEIVED ON 01/12/2017 10:13:10 AM. | 01/13/2017 | | *NV* | |
| 159 | SUBSTITUTION OF ATTORNEY FILED BY LIU, MAGGIE ON 01/12/2017 | 01/12/2017 | | 3 pages | ☐ |
| 160 | E-FILING TRANSACTION NUMBER 4661281 REJECTED. | 01/13/2017 | | 1 pages | ☐ |
| 161 | MOTION TO CONTINUE TRIAL FILED BY LIU, MAGGIE ON 01/19/2017 | 01/19/2017 | | 11 pages | ☐ |
| 162 | PAYMENT RECEIVED BY FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12093192 AND RECEIPT NUMBER 11917171. | 01/19/2017 | | 1 pages | ☐ |
| 163 | MOTION FOR CONTINUANCE OF TRIAL SCHEDULED FOR 02/23/2017 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 01/19/2017 | | *NV* | |
| 164 | E-FILING TRANSACTION 2529474 RECEIVED ON 02/08/2017 04:15:51 PM. | 02/08/2017 | | *NV* | |
| 165 | OPPOSITION FILED BY HUO, YU ON 02/08/2017 | 02/08/2017 | | 19 pages | ☐ |
| 166 | E-FILING TRANSACTION 4682386 RECEIVED ON 02/22/2017 10:10:47 PM. | 02/23/2017 | | *NV* | |
| 167 | SUBSTITUTION OF ATTORNEY FILED BY LIU, MAGGIE ON 02/22/2017 | 02/22/2017 | | 2 pages | ☐ |
| 168 | MINUTES FINALIZED FOR MOTION FOR CONTINUANCE OF TRIAL 02/23/2017 01:30:00 PM. | 02/23/2017 | | 1 pages | ☐ |
| 169 | E-FILING TRANSACTION 3514862 RECEIVED ON 02/24/2017 01:09:04 PM. | 02/24/2017 | | *NV* | |
| 170 | EXHIBIT LIST FILED BY HUO, YU ON 02/24/2017 | 02/24/2017 | | 5 pages | ☐ |
| 171 | WITNESS LIST FILED BY HUO, YU ON 02/24/2017 | 02/24/2017 | | 2 pages | ☐ |
| 172 | E-FILING TRANSACTION 4683725 RECEIVED ON 02/24/2017 04:48:04 PM. | 02/27/2017 | | *NV* | |
| 173 | TRIAL BRIEF FILED BY HUO, YU ON 02/24/2017 | 02/24/2017 | | 12 pages | ☐ |
| 174 | TRIAL BRIEF FILED BY HUO, YU ON 02/24/2017 | 02/24/2017 | | 26 pages | ☐ |
| 175 | JURY TRIAL SCHEDULED FOR 02/28/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 02/27/2017 | | *NV* | |
| 176 | JURY TRIAL CONTINUED TO 02/28/2017 AT 09:00 AM IN THIS DEPARTMENT. | 02/27/2017 | | *NV* | |
| 177 | MINUTES FINALIZED FOR JURY TRIAL 02/27/2017 09:00:00 AM. | 03/01/2017 | | 1 pages | ☐ |
| 178 | | 02/28/2017 | | *NV* | |

EXHIBIT 4, PAGE 33
EXHIBIT 1, PAGE 51

Civil Case Access - Print Case Information                                          Page 10 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | COURT TRIAL SCHEDULED FOR 03/01/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | | | | |
| 179 | JURY TRIAL CONTINUED TO 03/01/2017 AT 09:00 AM IN THIS DEPARTMENT. | 02/28/2017 | | *NV* | |
| 180 | MINUTES FINALIZED FOR JURY TRIAL 02/28/2017 09:00:00 AM. | 03/01/2017 | | 1 pages | ☐ |
| 181 | COURT TRIAL SCHEDULED FOR 03/02/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 03/01/2017 | | *NV* | |
| 182 | COURT TRIAL CONTINUED TO 03/02/2017 AT 09:00 AM IN THIS DEPARTMENT. | 03/01/2017 | | *NV* | |
| 183 | MINUTES FINALIZED FOR COURT TRIAL 03/01/2017 09:00:00 AM. | 03/03/2017 | | 1 pages | ☐ |
| 184 | COURT TRIAL SCHEDULED FOR 03/06/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 03/02/2017 | | *NV* | |
| 185 | COURT TRIAL CONTINUED TO 03/06/2017 AT 09:00 AM IN THIS DEPARTMENT. | 03/02/2017 | | *NV* | |
| 186 | MINUTES FINALIZED FOR COURT TRIAL 03/02/2017 09:00:00 AM. | 03/03/2017 | | 1 pages | ☐ |
| 187 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/03/2017 | | 2 pages | ☐ |
| 188 | E-FILING TRANSACTION 2533654 RECEIVED ON 02/24/2017 04:24:07 PM. | 03/03/2017 | | *NV* | |
| 189 | SUBSTITUTION OF ATTORNEY FILED BY LIU, MAGGIE ON 02/24/2017 | 02/24/2017 | | 2 pages | ☐ |
| 190 | PROPOSED ORDER RECEIVED ON 03/06/2017 | 03/06/2017 | | 1 pages | ☐ |
| 191 | E-FILING TRANSACTION 2535949 RECEIVED ON 03/06/2017 01:25:43 PM. | 03/06/2017 | | *NV* | |
| 192 | MOTION - OTHER (MOTION TO WITHDRAW DEFENDANT'S GENERAL APPEARANCE) FILED BY LIU, ALICE; LIU, CHRISTIAN ON 03/06/2017 | 03/06/2017 | | 10 pages | ☐ |
| 193 | PROPOSED ORDER (COVER SHEET) (ELECTRONIC FILING) FILED BY LIU, ALICE; LIU, CHRISTIAN ON 03/06/2017 | 03/06/2017 | | 3 pages | ☐ |
| 194 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12117466 AND RECEIPT NUMBER 11941289. | 03/06/2017 | | 1 pages | ☐ |
| 195 | MOTION - OTHER SCHEDULED FOR 03/30/2017 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 03/06/2017 | | *NV* | |
| 196 | COURT TRIAL SCHEDULED FOR 03/15/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 03/06/2017 | | *NV* | |
| 197 | COURT TRIAL CONTINUED TO 03/15/2017 AT 09:00 AM IN THIS DEPARTMENT. | 03/06/2017 | | *NV* | |
| 198 | | 03/06/2017 | | 1 pages | ☐ |

EXHIBIT 4, PAGE 34
EXHIBIT 1, PAGE 52

Civil Case Access - Print Case Information                                      Page 11 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MINUTES FINALIZED FOR COURT TRIAL 03/06/2017 09:00:00 AM. | | | | |
| 199 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/06/2017 | | 2 pages | ☐ |
| 200 | COURT TRIAL SCHEDULED FOR 03/15/2017 AT 10:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 03/10/2017 | | NV | |
| 201 | COURT TRIAL CONTINUED TO 03/15/2017 AT 10:00 AM IN THIS DEPARTMENT. | 03/10/2017 | | NV | |
| 202 | MINUTES FINALIZED FOR CHAMBERS WORK 03/10/2017 09:21:00 AM. | 03/10/2017 | | 1 pages | ☐ |
| 203 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/10/2017 | | 2 pages | ☐ |
| 204 | REQUEST - OTHER (FOR TRIAL CONTINUANCE) FILED BY LIU, MAGGIE ON 03/10/2017 | 03/10/2017 | | 11 pages | ☐ |
| 205 | EX PARTE APPLICATION - OTHER (REQUEST TRIAL CONTINUANCE) FILED BY LIU, MAGGIE ON 03/10/2017 | 03/10/2017 | | 12 pages | ☐ |
| 206 | EX PARTE SCHEDULED FOR 03/14/2017 AT 01:30:00 PM IN C21 AT CENTRAL JUSTICE CENTER. | 03/13/2017 | | NV | |
| 207 | PAYMENT RECEIVED BY LIU, MEGGIE FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12121009 AND RECEIPT NUMBER 11944808. | 03/13/2017 | | 1 pages | ☐ |
| 208 | E-FILING TRANSACTION 3521178 RECEIVED ON 03/13/2017 02:05:13 PM. | 03/13/2017 | | NV | |
| 209 | OPPOSITION FILED BY HUO, YU ON 03/13/2017 | 03/13/2017 | | 22 pages | ☐ |
| 210 | MINUTES FINALIZED FOR CHAMBERS WORK 03/13/2017 04:18:00 PM. | 03/13/2017 | | 1 pages | ☐ |
| 211 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/13/2017 | | 2 pages | ☐ |
| 213 | NOTICE OF STAY (BANKRUPTCY) FILED BY LIU, MAGGIE ON 03/15/2017 | 03/15/2017 | | 3 pages | ☐ |
| 214 | CMC: BANKRUPTCY REMOVAL SCHEDULED FOR 04/10/2017 AT 08:45:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 03/15/2017 | | NV | |
| 216 | THE CMC: BANKRUPTCY REMOVAL IS SCHEDULED FOR 04/10/2017 AT 08:45 AM IN DEPARTMENT C21. | 03/15/2017 | | NV | |
| 218 | MINUTES FINALIZED FOR COURT TRIAL 03/15/2017 10:00:00 AM. | 03/15/2017 | | 1 pages | ☐ |
| 219 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 03/15/2017 | | 2 pages | ☐ |
| 220 | E-FILING TRANSACTION NUMBER 3518301 REJECTED. | 03/30/2017 | | 1 pages | ☐ |
| 221 | | 04/07/2017 | | NV | |

EXHIBIT 4, PAGE 35
EXHIBIT 1, PAGE 53

Civil Case Access - Print Case Information                                    Page 12 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
|  | E-FILING TRANSACTION 4705032 RECEIVED ON 04/06/2017 03:52:30 PM. |  |  |  |  |
| 222 | DECLARATION - OTHER FILED BY HUO, YU ON 04/06/2017 | 04/06/2017 |  | 8 pages | ☐ |
| 223 | MINUTES FINALIZED FOR CHAMBERS WORK 04/07/2017 11:08:00 AM. | 04/07/2017 |  | 1 pages | ☐ |
| 224 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 04/07/2017 |  | 2 pages | ☐ |
| 225 | JURY TRIAL SCHEDULED FOR 04/10/2017 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 04/07/2017 |  | *NV* |  |
| 226 | E-FILING TRANSACTION 1378289 RECEIVED ON 04/10/2017 09:10:42 AM. | 04/10/2017 |  | *NV* |  |
| 227 | SUBSTITUTION OF ATTORNEY FILED BY LIU, CHRISTIAN ON 04/10/2017 | 04/10/2017 |  | 2 pages | ☐ |
| 228 | E-FILING TRANSACTION 4706053 RECEIVED ON 04/10/2017 09:14:16 AM. | 04/10/2017 |  | *NV* |  |
| 230 | E-FILING TRANSACTION 4706057 RECEIVED ON 04/10/2017 09:19:56 AM. | 04/10/2017 |  | *NV* |  |
| 231 | SUBSTITUTION OF ATTORNEY FILED BY LIU, ALICE ON 04/10/2017 | 04/10/2017 |  | 2 pages | ☐ |
| 232 | PEREMPTORY CHALLENGE PURSUANT TO 170.6 CCP FILED BY LIU, CHRISTIAN; LIU, ALICE; LIU, MAGGIE ON 04/10/2017 | 04/10/2017 |  | *NV* |  |
| 233 | COURT TRIAL REASSIGNED TO C14 AT CENTRAL JUSTICE CENTER ON 04/10/2017 AT 10:30:00 AM. | 04/10/2017 |  | *NV* |  |
| 234 | COURT TRIAL SCHEDULED FOR 04/10/2017 AT 10:30:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 04/10/2017 |  | *NV* |  |
| 235 | COURT TRIAL CONTINUED TO 04/10/2017 AT 10:30 AM IN DEPARTMENT C14. | 04/10/2017 |  | *NV* |  |
| 236 | MINUTES FINALIZED FOR COURT TRIAL 04/10/2017 09:00:00 AM. | 04/10/2017 |  | 1 pages | ☐ |
| 237 | COURT TRIAL EXTENDED TO 04/11/2017 AT 09:00:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 04/10/2017 |  | *NV* |  |
| 238 | COURT TRIAL SCHEDULED FOR 04/11/2017 AT 09:00:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 04/10/2017 |  | *NV* |  |
| 239 | COURT IS ADJOURNED UNTIL 04/11/2017 AT 09:00AM IN C14. | 04/10/2017 |  | *NV* |  |
| 240 | MINUTES FINALIZED FOR COURT TRIAL 04/10/2017 10:30:00 AM. | 04/10/2017 |  | 2 pages | ☐ |
| 241 | COURT TRIAL EXTENDED TO 04/25/2017 AT 09:00:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 04/11/2017 |  | *NV* |  |
| 242 | COURT TRIAL SCHEDULED FOR 04/25/2017 AT 09:00:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 04/11/2017 |  | *NV* |  |
| 243 |  | 04/11/2017 |  | *NV* |  |

EXHIBIT 4, PAGE 36
EXHIBIT 1, PAGE 54

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | COURT IS ADJOURNED UNTIL 04/25/2017 AT 09:00AM IN C14. | | | | |
| 244 | MINUTES FINALIZED FOR COURT TRIAL 04/11/2017 09:00:00 AM. | 04/11/2017 | | 7 pages | ☐ |
| 245 | E-FILING TRANSACTION 4707449 RECEIVED ON 04/12/2017 09:12:40 AM. | 04/12/2017 | | *NV* | |
| 246 | NOTICE - OTHER FILED BY LIU, ALICE; LIU, CHRISTIAN ON 04/12/2017 | 04/12/2017 | | 4 pages | ☐ |
| 247 | COURT TRIAL SCHEDULED FOR 05/01/2017 AT 01:30:00 PM IN C14 AT CENTRAL JUSTICE CENTER. | 04/25/2017 | | *NV* | |
| 248 | COURT TRIAL CONTINUED TO 05/01/2017 AT 01:30 PM IN THIS DEPARTMENT. | 04/25/2017 | | *NV* | |
| 249 | MINUTES FINALIZED FOR COURT TRIAL 04/25/2017 09:00:00 AM. | 04/25/2017 | | 2 pages | ☐ |
| 250 | THE COURT TAKES THIS MATTER UNDER SUBMISSION. | 05/01/2017 | | *NV* | |
| 251 | MINUTES FINALIZED FOR COURT TRIAL 05/01/2017 01:30:00 PM. | 05/01/2017 | | 1 pages | ☐ |
| 252 | EXHIBIT LIST (JOINT) FILED BY HUO, YU ON 05/01/2017 | 05/01/2017 | | 7 pages | ☐ |
| 253 | MINUTES FINALIZED FOR CHAMBERS WORK 05/09/2017 10:26:00 AM. | 05/09/2017 | | 2 pages | ☐ |
| 254 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 05/09/2017 | | 3 pages | ☐ |
| 255 | RECEIPT FOR EXHIBITS FILED BY HUO, YU ON 05/11/2017 | 05/11/2017 | | 1 pages | ☐ |
| 256 | STATUS CONFERENCE SCHEDULED FOR 06/19/2017 AT 08:30:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 05/18/2017 | | 2 pages | |
| 257 | STATUS CONFERENCE REASSIGNED TO C14 AT CENTRAL JUSTICE CENTER ON 06/19/2017 AT 08:30:00 AM. | 05/18/2017 | | *NV* | |
| 258 | STATUS CONFERENCE SCHEDULED FOR 06/19/2017 AT 08:30:00 AM IN C14 AT CENTRAL JUSTICE CENTER. | 05/18/2017 | | *NV* | |
| 259 | MINUTES FINALIZED FOR CHAMBERS WORK 05/18/2017 10:34:00 AM. | 05/18/2017 | | 1 pages | ☐ |
| 260 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 05/18/2017 | | 2 pages | ☐ |
| 261 | E-FILING TRANSACTION 3547699 RECEIVED ON 05/19/2017 04:45:29 PM. | 05/22/2017 | | *NV* | |
| 262 | PROPOSED JUDGMENT RECEIVED ON 05/19/2017. | 05/19/2017 | | 3 pages | ☐ |
| 263 | MEMORANDUM OF COSTS (SUMMARY) FILED BY HUO, YU ON 05/19/2017 | 05/19/2017 | | 5 pages | ☐ |
| | | | | | |

EXHIBIT 4, PAGE 37
EXHIBIT 1, PAGE 55

Civil Case Access - Print Case Information                                    Page 14 of 15

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 264 | E-FILING TRANSACTION 1387541 RECEIVED ON 05/30/2017 11:18:33 AM. | 06/02/2017 | | *NV* | |
| 265 | SUBSTITUTION OF ATTORNEY FILED BY LIU, ALICE ON 05/30/2017 | 05/30/2017 | | 2 pages | ☐ |
| 266 | SUBSTITUTION OF ATTORNEY FILED BY LIU, CHRISTIAN ON 05/30/2017 | 05/30/2017 | | 2 pages | ☐ |
| 267 | E-FILING TRANSACTION NUMBER 2564165 REJECTED. | 06/16/2017 | | 1 pages | ☐ |
| 268 | E-FILING TRANSACTION 2564617 RECEIVED ON 06/19/2017 06:49:47 AM. | 06/19/2017 | | *NV* | |
| 269 | REQUEST FOR DISMISSAL WITHOUT PREJUDICE - PARTY FILED BY HUO, YU ON 06/19/2017 | 06/19/2017 | | 2 pages | ☐ |
| 270 | JUDGMENT FILED BY HUO, YU ON 06/19/2017 | 06/19/2017 | | 3 pages | ☐ |
| 271 | MINUTES FINALIZED FOR STATUS CONFERENCE 06/19/2017 08:30:00 AM. | 06/19/2017 | | 1 pages | ☐ |
| 272 | E-FILING TRANSACTION 3558369 RECEIVED ON 06/19/2017 04:14:47 PM. | 06/20/2017 | | *NV* | |
| 273 | ABSTRACT OF JUDGMENT (ISSUED 6/20/17) RECEIVED ON 06/19/2017. | 06/19/2017 | | 2 pages | ☐ |
| 274 | NOTICE OF ENTRY OF JUDGMENT FILED BY HUO, YU ON 06/19/2017 | 06/19/2017 | | 5 pages | ☐ |
| 275 | PAYMENT RECEIVED BY INTRESYS FOR 141 - ABSTRACT OF JUDGMENT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 12174436 AND RECEIPT NUMBER 11998136. | 06/20/2017 | | 1 pages | ☐ |
| 276 | ORDER - OTHER (CLERKS APPLICATION AND ORDER) FILED BY LIU, MAGGIE ON 06/19/2017 | 06/19/2017 | | 2 pages | ☐ |
| 277 | E-FILING TRANSACTION NUMBER 2566868 REJECTED. | 06/26/2017 | | 1 pages | ☐ |
| 278 | E-FILING TRANSACTION 2567458 RECEIVED ON 06/27/2017 10:39:43 AM. | 06/28/2017 | | *NV* | |
| 279 | WRIT (ISSUED 6/28/17) RECEIVED ON 06/27/2017. | 06/27/2017 | | 2 pages | ☐ |
| 280 | PAYMENT RECEIVED BY INTRESYS FOR 141 - WRIT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 12179367 AND RECEIPT NUMBER 12003077. | 06/28/2017 | | 1 pages | ☐ |
| 281 | THE COURT ENTERS JUDGMENT AS TO COMPLAINT. | 06/19/2017 | | *NV* | |
| 282 | COMPLAINT DISPOSED WITH DISPOSITION OF COURT FINDING. | 06/19/2017 | | *NV* | |
| 283 | CASE DISPOSED WITH DISPOSITION OF COURT FINDING | 06/19/2017 | | *NV* | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| THE KARLIN LAW FIRM LLP | ATTORNEY | | 03/11/2016 | |

EXHIBIT 4, PAGE 38
EXHIBIT 1, PAGE 56

Civil Case Access - Print Case Information                          Page 15 of 15

| Name | Type | Assoc | Start Date | End Date |
|------|------|-------|-----------|----------|
| HUI YAN | CROSS - DEFENDANT | | 03/22/2016 | |
| YU HUO | PLAINTIFF | | 12/16/2015 | |
| MAGGIE LIU | DEFENDANT | | 12/16/2015 | |
| GERARD FOX LAW P. C. | ATTORNEY | | 04/10/2017 | |
| THE CRITES LAW FIRM | ATTORNEY | | 03/06/2017 | |
| YU HUO | CROSS - DEFENDANT | | 03/22/2016 | |
| LAW OFFICES OF PARK & ZHENG | ATTORNEY | | 12/16/2015 | |
| MAGGIE LIU | CROSS - COMPLAINANT | | 03/22/2016 | |
| CHRISTIAN LIU | DEFENDANT | | 12/16/2015 | |
| LAW OFFICES OF GERARD FOX INC | ATTORNEY | | 04/10/2017 | |
| SMITH \| HALL \| STRONGIN, LLP | ATTORNEY | | 02/23/2017 | |
| ALICE LIU | DEFENDANT | | 12/16/2015 | |
| JAMES C CAVIOLA, JR. | ATTORNEY | | 09/13/2016 | |
| THE KARLIN LAW FIRM LLP | ATTORNEY | | 03/09/2016 | 07/06/2016 |
| THE KARLIN LAW FIRM LLP | ATTORNEY | | 03/21/2016 | 07/06/2016 |
| THE CRITES LAW FIRM | ATTORNEY | | 03/06/2017 | 06/02/2017 |
| THE CRITES LAW FIRM | ATTORNEY | | 03/06/2017 | 05/30/2017 |
| JAMES C CAVIOLA, JR. | ATTORNEY | | 09/01/2016 | 01/12/2017 |

Hearings:

| Description | Date | Time | Department | Judge |
|-------------|------|------|-----------|-------|

Print this page

EXHIBIT 4, PAGE 39
EXHIBIT 1, PAGE 57

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD A. MARSHACK, Chapter 7 Trustee | MEI LING SU, |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| MARSHACK HAYS LLP - 870 Roosevelt, Irvine, CA 92620; Tel. (949) 333-7777 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for: (1) Avoidance, Recovery, & Preservation of Transfer (2) Avoidance, Recovery & Preservation of Construct Fraudulent Transfer (3) Avoidance, Recovery, & Preservation of Actual Fraudulent Transfer (4) Avoidance, Recovery & Preservation of Unperfected Liens (5) Declaratory Relief (6) Disallowance of Claim [11 U.S.C. Sections 502, 544, 547, 548, 550 & 551; Cal. Civ. Code Sections 3439.04, 3439.05]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 60 of 149

Case 8:19-ap-01132-CB    Doc 3-1    Filed 07/05/19    Entered 07/05/19 11:15:32    Desc
Adversary Proceeding Cover Sheet    Page 2 of 2

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MAGGIE LIU | BANKRUPTCY CASE NO.<br>8:17-bk-12832-CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Catherine E. Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Laila Masud | | |
| DATE<br><br>July 5, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>LAILA MASUD | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT  2

1  D. Edward Hays, SBN 162507
   ehays@marshackhays.com
2  Laila Masud, SBN 311731
   lmasud@marshackhays.com
3  Marshack Hays LLP
   870 Roosevelt
4  Irvine, California 92620
   Tel: 949-333-7777
5  Fax: 949-333-7778

6  Attorneys for Chapter 7 Trustee,
   Richard A. Marshack

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 In re                              Case No. 8:17-bk-12832-CB

12 MAGGIE LIU,                        Chapter 7

13              Debtor.               Adv. No. 8:19-ap-01132-CB

14 _____           ORDER GRANTING MOTION TO
                                      ESTABLISH SERVICE REQUIREMENTS
15 RICHARD A. MARSHACK, Chapter 7 Trustee,  FOR INTERNATIONAL DEFENDANT

16              Plaintiff,            Date:  July 30, 2019
   v.                                Time: 1:30 p.m.
17                                    Courtroom:5D
   MEI LING SU.                       Address:    411 W. Fourth St.
18                                                 Santa Ana, CA 92701
                Defendant.
19

20        A hearing was held on July 30, 2019, at 1:30 p.m., before the Honorable Catherine E. Bauer,

21 United States Bankruptcy Judge for the Central District of California, in Courtroom 5D located at

22 411 West Fourth St., Santa Ana, CA, on Plaintiff's Motion to Establish Service Requirements for

23 International Defendant filed July 30, 2019 as Docket #5 ("Motion"). Appearances were made as

24 noted on the record.

25        //

26        //

27        //

28

**FILED & ENTERED**

**AUG 29 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY le          DEPUTY CLERK

**CHANGES MADE BY COURT**

EXHIBIT 2, PAGE 60

1    The Court having read and considered the Motion, heard the statements of counsel, noted the lack

2 of opposition and with good cause shown,

3    IT IS ORDERED:

4    1.    The Motion is granted.

5    2.    The Clerk of the Court is directed to issue a new summons.

6    3.    Pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), the Clerk of the Court is

7 directed to mail the summons and complaint to Mei Ling Su, in a pre-paid Federal Express mailer,

8 with return receipt requested, which mailer the Trustee will provide to the Clerk, with the Estate to

9 bear all costs.

10    4.    If a return receipt is not received within 30 days, then pursuant to Federal Rule of

11 Civil Procedure 4(f)(2)(b), the Court authorizes the issuance of the Letter Rogatory for service. A

12 sample is attached as Exhibit "1".

13    5.    If either of the foregoing methods of service are not completed within 120 days,

14  Trustee is authorized to serve the Summons and Complaint by publication once a week for six

15 consecutive weeks in a paper of general circulation in Orange County, California.

16    ###

17

18

19

20

21

22

23    Date: August 29, 2019

24    Catherine Bauer
      United States Bankruptcy Judge

25

26

27

28

2

EXHIBIT  1

EXHIBIT 2, PAGE 62

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-12832-CB |
| MAGGIE LIU, | Chapter 7 |
| Debtor. | Adv. No. 8:19-ap-01132-CB |
| | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) |
| RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| MEI LING SU. | |
| Defendant. | |

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:

The United States Bankruptcy Court, Central District of California - Santa Ana Division, presents its compliments to the Appropriate Judicial Authority of Taiwan and requests international judicial assistance to effect service of process in a civil adversary proceeding before this Court in the above-captioned matter. More specifically, this Court requests that the Appropriate Judicial Authority of Taiwan effect service upon Mei Ling Su ("Ms. Su"). Ms. Sue is a resident of Taiwan with her residence located at 6F #605 No-6-1 Ching-Cheng ST. Taipei, Taiwan 10547. I cordially solicit your assistance in this matter by requesting that you personally deliver a copy of the summons, attached hereto, to the address indicated above. I further request after personal service of the enclosed documents, in the manner prescribed by the laws of Taiwan, proof of service be returned to the Court.

To briefly recount the history of this case, on July 17, 2017, Debtor Maggie Jia Liu ("Debtor") filed a voluntary petition ("Petition Date") under Chapter 7 of Title 11 of the United States Code commencing case no. 8:17-bk-12832-CB ("Bankruptcy Case"). Plaintiff and Chapter 7

1
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

1  Trustee Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the above-

2  entitled Estate under 11 U.S.C. § 702.

3        Within the ninety-day period immediately prior to the filing of the Petition, and in

4  anticipation of filing for bankruptcy, the Debtor executed a promissory note in favor of Ms. Su for

5  $150,000 with interest at 3% per annum. The purported security for the Note was Debtor's real

6  property commonly known as 14 San Sovino, Newport Coast, California 92657 ("Newport Coast

7  Property"). Under the terms of the alleged Note, no payments were due and owing until the

8  maturity of the Note which was the earlier of June 1, 2033, or the day on when the Newport Coast

9  Property is sold or transferred by Debtor to a third party.

10        On June 27, 2017, a short form deed of trust and assignment of rents ("Deed of Trust") was

11  purportedly recorded by Mr. Harold Laufer ("Mr. Laufer") in favor of Defendant, against the

12  Newport Coast Property to secure repayment of the Note.

13        As of the Petition Date, the only lien allegedly held by Ms. Su arises from the Deed of Trust

14  recorded 20 days prior to bankruptcy.

15        In her Schedule A, Debtor disclosed her ownership of the Newport Coast Property and

16  valued it at $1,379,833.

17        Trustee's investigation of the Deed of Trust revealed the following:

18  •      On December 15, 2015, Ms. Ho filed a complaint against Debtor, in the Orange
         County Superior Court, entitled Yu Hua v. Maggie Liu, et al., case number 30-2015-
19        00825301 ("State Court Action"). Ms. Ho's complaint in the State Court Action alleged
         causes of action including fraud, conversion, breach of fiduciary duty, unfair business
20        practice, money had and received, unjust enrichment, breach of written contract,
         fraudulent conveyance and constructive fraudulent conveyance.
21

22  •      The trial in the State Court Action was held on May 1, 2017. Judgment was
         entered favor of Ms. Ho in the sum of $704,069.00 ("Judgment"). The Notice of Entry
23        of Judgment was filed on or around June 19, 2017.

24  •      On June 21, 2017, an abstract or certified copy of the Judgment for $704,043.90
         entered in connection with the State Action was recorded with the Orange Comity
25        Recorder by Ms. Ho against the Newport Coast Property ("Judgment Lien").

26  •      On or around May 9, 2017, when the judge in the State Court Action decided to
         enter judgment in favor of Ms. Ho, Debtor's attorney reached out to counsel for Ms. Ho
27        asserting Debtor was going to file bankruptcy if Ms. Ho did not accept a settlement
         offer.

28  •      Simply put, Debtor knew she was going to file bankruptcy and she knew that Ms.
         Ho was going to have a lien on the Newport Coast Property.

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

EXHIBIT 1, PAGE 4
EXHIBIT 2, PAGE 64

- Before bankruptcy, at a time when Debtor had already decided to file bankruptcy, she purportedly borrowed $150,000 from Ms. Su pursuant to the alleged Note and Deed of Trust. As such, Trustee alleges, the $150,000 purportedly secured by the Note and Deed of Trust was incurred with actual intent to hinder, delay, or defraud creditors including the Judgment Lien.

- Harold Laufer ("Mr. Laufer") whose name is listed on the Deed of Trust as the individual who requested its recording denies any involvement in preparing the Note and Deed of Trust. Moreover, Mr. Laufer denies ever representing anyone by Ms. Su's name as reflected in the Deed of Trust.

Based on the foregoing, on July 3, 2019, the Trustee commenced the above-captioned adversary proceeding ("Adversary Proceeding") by filing a complaint in the Bankruptcy Case setting forth claims against Ms. Su for (1) avoidance and recovery of unauthorized preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, 550 and 551[1]; (2) declaratory relief regarding the validity, priority, and extent of an alleged unperfected secured claim held by Ms. Su pursuant to 11 U.S.C. § 544(a)(3) and FRBP 7001; and (3) for disallowance of claims pursuant to 11 U.S.C. § 502(d) ("Complaint").[2]

The documents I transmit to you are styled as follows:

1. Summons and Notice of Status Conference;

2. Adversary Proceeding Cover Sheet;

3. Complaint of Chapter 7 Trustee for (1) Avoidance, Recovery, and Preservation of Preferential Transfer; (2) Avoidance, Recovery, and Preservation of Construct Fraudulent Transfer; (3) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfer; (4) Avoidance, Recovery, and Preservation of Unperfected Liens; (5) Declaratory Relief Re: Validity Priority, and Extend of Alleged Lien; and (6) Disallowance of Claims;

---

[1]The Complaint also alleges avoidance and recovery of the fraudulent transfer pursuant to Cal. Civ. Code §§3439.04, 3439.05.

[2] This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, 11 U.S.C. §§ 506 and 544 and the Local Rules for the United States Bankruptcy Court for the Central District of California, and is the proper venue for the Adversary Proceeding under 28 U.S.C. §§ 1408 and 1409 as this adversary proceeding arises under, and in connection with, a case under Title 11 which is pending in this District. The Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

3
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

1         This request for international judicial assistance is made in the interests of justice. This

2    Court is willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan, and

3    Trustee's counsel, Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620, USA, stands ready to

4    reimburse the appropriate Judicial Authority of Taiwan for costs incurred in executing this Court's

5    letter rogatory.

6    DATED: _____, 2019

7

8                                           By:_____
                                           HONORABLE CATHERINE E. BAUER

9                                               UNITED STATES BANKRUPTCY JUDGE

10

11    (SEAL OF COURT)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1, PAGE 6
EXHIBIT 2, PAGE 66

EXHIBIT  3

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10  In re
                                            Case No. 8:17-bk-12832-CB
11  MAGGIE LIU,
                                            Chapter 7
12              Debtor.
                                            Adv. No. 8:19-ap-01132-CB
13  ─────────────────────────
                                            DECLARATION OF LAILA MASUD RE:
14  RICHARD A. MARSHACK, Chapter 7 Trustee, COMPLETED SUMMONS SERVICE
                                            EXECUTION FOR INTERNATIONAL
15              Plaintiff,                   DEFENDANT, MEI LING SU
    v.
16  MEI LING SU.                            Continued Status Conference:
                                            Date:  November 26, 2019
17              Defendant.                   Time: 1:30 p.m.
                                            Courtroom:5D
18                                          Address:    411 W. Fourth St.
                                                        Santa Ana, CA 92701
19

20              **Declaration of Laila Masud**

21         I, LAILA MASUD, say and declare as follows:

22      1.    I am an individual over 18 years of age and competent to make this Declaration.

23      2.    If called upon to do so, I could and would competently testify as to the facts set forth

24  in this Declaration.

25      3.    The facts set forth below are true of my personal knowledge.

26      4.    I am an attorney at law duly admitted to practice before this Court and all courts of the

27  State of California.

28  ///

5.      I am an associate in the law firm of Marshack Hays LLP, attorneys of record for Richard A. Marshack the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Maggie Liu ("Trustee").

6.      I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.      I make this Declaration to provide the Court with a status regarding the completion of service of the Complaint and Another Summon on Defendant, Mei Ling Sui ("Defendant" or "Ms. Su").

8.      On July 17, 2017, Debtor Maggie Jia Liu ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code commencing case no. 8:17-bk-12832-CB ("Bankruptcy Case"). Plaintiff and Chapter 7 Trustee Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the above-entitled Estate under 11 U.S.C. § 702.

9.      On July 3, 2019, the Trustee commenced the above-captioned adversary proceeding ("Adversary") by filing a complaint in the Bankruptcy Case setting forth claims against Ms. Su for (1) avoidance and recovery of unauthorized preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, 550 and 551;[1] (2) declaratory relief regarding the validity, priority, and extent of an alleged unperfected secured claim held by Ms. Su pursuant to 11 U.S.C. § 544(a)(3) and FRBP 7001; and (3) for disallowance of claims pursuant to 11 U.S.C. § 502(d) ("Complaint").

10.     On July 9, 2019, as Dk. No. 5, the Trustee filed a motion to establish service requirements for international defendant ("Motion".) On August 29, 2019, as Dk. No. 8, the Court entered an order approving the Motion ("Order".) A true and correct copy of the Order is attached here as Exhibit "1."

11.     Pursuant to Paragraph 3 of the Order, the Clerk of the Court was directed to mail the summons and complaint to Defendant, in a pre-paid Federal Express mailer, with return receipt requested, which mailer the Trustee was to provide to the Clerk. The address utilize was the address provided in Defendant's filed proof of claim. *See* Claim No. 14 filed in the Bankruptcy Case. A true

---

[1]The Complaint also alleges avoidance and recovery of the fraudulent transfer pursuant to Cal. Civ. Code §§3439.04, 3439.05.

EXHIBIT 3, PAGE 68

1  and correct copy of Claim No. 14 is attached here as Exhibit "6."

2          12.      On or about August 30, 2019, a copy of the Complaint and a Federal Express Shipping

3  Label to Defendant ("Shipping Label") were delivered to the Clerk of the Court. A true and correct

4  copy of the Shipping Label provided to the Clerk of the Court is attached here as Exhibit "2."

5          13.      On September 3, 2019, as Dk. No. 10, the Court issued Another Summons and Notice

6  of Status Conference ("Another Summons").

7          14.      The docket associated with the Adversary indicates under docket entry number 10, that

8  "COPY OF SUMMONS AND COMPLAINT MAILED TO DEFENDANT VIA FEDEX MAILER

9  PROVIDED BY PLAINTIFF." A true and correct copy of the docket for the Adversary as of October

10  4, 2019, is attached here as Exhibit "3" with the entry highlighted for ease of reference.

11          15.      Pursuant to the online FedEx Tracking, on September 3, 2019, the Clerk of the Court

12  shipped a package to Defendant ("Tracking"). A true and correct copy of the Tracking is attached

13  here as Exhibit "4."

14          16.      A copy of the FedEx tracking for the Shipping Label indicates delivery on September

15  6, 2019, at 10:35, and that it was signed for by R. Chiou ("Proof of Delivery"). A true and correct

16  copy of the Proof of Delivery is attached here as Exhibit "5."

17          17.      Accordingly, in compliance with Paragraph 3 of the Order, the Complaint and Another

18  Summons were delivered to Defendant on September 6, 2019, and service has been completed.

19          I declare under penalty of perjury that the foregoing is true and correct.  Executed on

20  October 4, 2019.

21                                         /s/ Laila Masud

22                                         LAILA MASUD

23

24

25

26

27

28

3
DECLARATION RE: SERVICE OF ANOTHER SUMMONS

4811-8340-1385, v. 1/1015-106

EXHIBIT  1

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 74 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 5 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 1 of 7

1   D. Edward Hays, SBN 162507
    ehays@marshackhays.com
2   Laila Masud, SBN 311731
    lmasud@marshackhays.com
3   Marshack Hays LLP
    870 Roosevelt
4   Irvine, California 92620
    Tel: 949-333-7777
5   Fax: 949-333-7778

6   Attorneys for Chapter 7 Trustee,
    Richard A. Marshack
7

FILED & ENTERED

AUG 29 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY le            DEPUTY CLERK

CHANGES MADE BY COURT

8           UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re                             Case No. 8:17-bk-12832-CB

12  MAGGIE LIU,                        Chapter 7

13          Debtor.                    Adv. No. 8:19-ap-01132-CB

14  _____

15  RICHARD A. MARSHACK, Chapter 7 Trustee,   ORDER GRANTING MOTION TO
                                               ESTABLISH SERVICE REQUIREMENTS
            Plaintiff,                         FOR INTERNATIONAL DEFENDANT

16  v.
                                       Date:  July 30, 2019
17  MEI LING SU.                        Time: 1:30 p.m.
                                        Courtroom:5D
18          Defendant.                  Address:   411 W. Fourth St.
                                                   Santa Ana, CA 92701
19

20          A hearing was held on July 30, 2019, at 1:30 p.m., before the Honorable Catherine E. Bauer,

21  United States Bankruptcy Judge for the Central District of California, in Courtroom 5D located at

22  411 West Fourth St., Santa Ana, CA, on Plaintiff's Motion to Establish Service Requirements for

23  International Defendant filed July 30, 2019 as Docket #5 ("Motion"). Appearances were made as

24  noted on the record.

25          //

26          //

27          //

28

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
                Main Document        Page 75 of 149
    Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
                    Main Document        Page 6 of 34
        Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
                    Main Document    Page 2 of 7

1     The Court having read and considered the Motion, heard the statements of counsel, noted the lack

2     of opposition and with good cause shown,

3     IT IS ORDERED:

4     1.    The Motion is granted.

5     2.    The Clerk of the Court is directed to issue a new summons.

6     3.    Pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), the Clerk of the Court is

7     directed to mail the summons and complaint to Mei Ling Su, in a pre-paid Federal Express mailer,

8     with return receipt requested, which mailer the Trustee will provide to the Clerk, with the Estate to

9     bear all costs.

10     4.    If a return receipt is not received within 30 days, then pursuant to Federal Rule of

11     Civil Procedure 4(f)(2)(b), the Court authorizes the issuance of the Letter Rogatory for service. A

12     sample is attached as Exhibit "1".

13     5.    If either of the foregoing methods of service are not completed within 120 days,

14     Trustee is authorized to serve the Summons and Complaint by publication once a week for six

15     consecutive weeks in a paper of general circulation in Orange County, California.

16             ###

17

18

19

20

21

22

23     Date: August 29, 2019

24     Catherine Bauer
            United States Bankruptcy Judge

25

26

27

28

2

EXHIBIT 1, PAGE 5
EXHIBIT 3, PAGE 72

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 76 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 7 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 3 of 7

EXHIBIT  1

EXHIBIT 1, PAGE 6
EXHIBIT 3, PAGE 73

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 77 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 8 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 4 of 7

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-12832-CB |
| MAGGIE LIU, | Chapter 7 |
| Debtor. | Adv. No. 8:19-ap-01132-CB |
| | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) |
| RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| MEI LING SU. | |
| Defendant. | |

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:

The United States Bankruptcy Court, Central District of California - Santa Ana Division, presents its compliments to the Appropriate Judicial Authority of Taiwan and requests international judicial assistance to effect service of process in a civil adversary proceeding before this Court in the above-captioned matter. More specifically, this Court requests that the Appropriate Judicial Authority of Taiwan effect service upon Mei Ling Su ("Ms. Su"). Ms. Sue is a resident of Taiwan with her residence located at 6F #605 No-6-1 Ching-Cheng ST. Taipei, Taiwan 10547. I cordially solicit your assistance in this matter by requesting that you personally deliver a copy of the summons, attached hereto, to the address indicated above. I further request after personal service of the enclosed documents, in the manner prescribed by the laws of Taiwan, proof of service be returned to the Court.

To briefly recount the history of this case, on July 17, 2017, Debtor Maggie Jia Liu ("Debtor") filed a voluntary petition ("Petition Date") under Chapter 7 of Title 11 of the United States Code commencing case no. 8:17-bk-12832-CB ("Bankruptcy Case"). Plaintiff and Chapter 7

EXHIBIT 1, PAGE 3
EXHIBIT 1, PAGE 7
EXHIBIT 3, PAGE 74

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 78 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 9 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 5 of 7

Trustee Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the above-entitled Estate under 11 U.S.C. § 702.

Within the ninety-day period immediately prior to the filing of the Petition, and in anticipation of filing for bankruptcy, the Debtor executed a promissory note in favor of Ms. Su for $150,000 with interest at 3% per annum. The purported security for the Note was Debtor's real property commonly known as 14 San Sovino, Newport Coast, California 92657 ("Newport Coast Property"). Under the terms of the alleged Note, no payments were due and owing until the maturity of the Note which was the earlier of June 1, 2033, or the day on when the Newport Coast Property is sold or transferred by Debtor to a third party.

On June 27, 2017, a short form deed of trust and assignment of rents ("Deed of Trust") was purportedly recorded by Mr. Harold Laufer ("Mr. Laufer") in favor of Defendant, against the Newport Coast Property to secure repayment of the Note.

As of the Petition Date, the only lien allegedly held by Ms. Su arises from the Deed of Trust recorded 20 days prior to bankruptcy.

In her Schedule A, Debtor disclosed her ownership of the Newport Coast Property and valued it at $1,379,833.

Trustee's investigation of the Deed of Trust revealed the following:

- On December 15, 2015, Ms. Ho filed a complaint against Debtor, in the Orange County Superior Court, entitled Yu Hua v. Maggie Liu, et al., case number 30-2015-00825301 ("State Court Action"). Ms. Ho's complaint in the State Court Action alleged causes of action including fraud, conversion, breach of fiduciary duty, unfair business practice, money had and received, unjust enrichment, breach of written contract, fraudulent conveyance and constructive fraudulent conveyance.

- The trial in the State Court Action was held on May 1, 2017. Judgment was entered favor of Ms. Ho in the sum of $704,069.00 ("Judgment"). The Notice of Entry of Judgment was filed on or around June 19, 2017.

- On June 21, 2017, an abstract or certified copy of the Judgment for $704,043.90 entered in connection with the State Action was recorded with the Orange Comity Recorder by Ms. Ho against the Newport Coast Property ("Judgment Lien").

- On or around May 9, 2017, when the judge in the State Court Action decided to enter judgment in favor of Ms. Ho, Debtor's attorney reached out to counsel for Ms. Ho asserting Debtor was going to file bankruptcy if Ms. Ho did not accept a settlement offer.

- Simply put, Debtor knew she was going to file bankruptcy and she knew that Ms. Ho was going to have a lien on the Newport Coast Property.

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

EXHIBIT 1, PAGE 4
EXHIBIT 1, PAGE 8
EXHIBIT 3, PAGE 75

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 79 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 10 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 6 of 7

- Before bankruptcy, at a time when Debtor had already decided to file bankruptcy, she purportedly borrowed $150,000 from Ms. Su pursuant to the alleged Note and Deed of Trust. As such, Trustee alleges, the $150,000 purportedly secured by the Note and Deed of Trust was incurred with actual intent to hinder, delay, or defraud creditors including the Judgment Lien.

- Harold Laufer ("Mr. Laufer") whose name is listed on the Deed of Trust as the individual who requested its recording denies any involvement in preparing the Note and Deed of Trust. Moreover, Mr. Laufer denies ever representing anyone by Ms. Su's name as reflected in the Deed of Trust.

Based on the foregoing, on July 3, 2019, the Trustee commenced the above-captioned adversary proceeding ("Adversary Proceeding") by filing a complaint in the Bankruptcy Case setting forth claims against Ms. Su for (1) avoidance and recovery of unauthorized preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, 550 and 551[1]; (2) declaratory relief regarding the validity, priority, and extent of an alleged unperfected secured claim held by Ms. Su pursuant to 11 U.S.C. § 544(a)(3) and FRBP 7001; and (3) for disallowance of claims pursuant to 11 U.S.C. § 502(d) ("Complaint").[2]

The documents I transmit to you are styled as follows:

1. Summons and Notice of Status Conference;

2. Adversary Proceeding Cover Sheet;

3. Complaint of Chapter 7 Trustee for (1) Avoidance, Recovery, and Preservation of Preferential Transfer; (2) Avoidance, Recovery, and Preservation of Construct Fraudulent Transfer; (3) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfer; (4) Avoidance, Recovery, and Preservation of Unperfected Liens; (5) Declaratory Relief Re: Validity Priority, and Extend of Alleged Lien; and (6) Disallowance of Claims;

---

[1]The Complaint also alleges avoidance and recovery of the fraudulent transfer pursuant to Cal. Civ. Code §§3439.04, 3439.05.

[2] This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, 11 U.S.C. §§ 506 and 544 and the Local Rules for the United States Bankruptcy Court for the Central District of California, and is the proper venue for the Adversary Proceeding under 28 U.S.C. §§ 1408 and 1409 as this adversary proceeding arises under, and in connection with, a case under Title 11 which is pending in this District. The Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

EXHIBIT 1, PAGE 5
EXHIBIT 1, PAGE 9
EXHIBIT 3, PAGE 76

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
                Main Document        Page 80 of 149
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
                Main Document        Page 11 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
                Main Document        Page 7 of 7

1    This request for international judicial assistance is made in the interests of justice. This

2    Court is willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan, and

3    Trustee's counsel, Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620, USA, stands ready to

4    reimburse the appropriate Judicial Authority of Taiwan for costs incurred in executing this Court's

5    letter rogatory.

6    DATED:  _____, 2019

7

8                                        By:_____
                                             HONORABLE CATHERINE E. BAUER
9                                            UNITED STATES BANKRUPTCY JUDGE

10

11   (SEAL OF COURT)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1, PAGE 6
EXHIBIT 1, PAGE 10
EXHIBIT 3, PAGE 77

EXHIBIT  2



After printing this label:

**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "w e", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is w ith the FedEx subsidiary, branch or independent contractor w ho originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or w aybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, w ill then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stopping places w hich are agreed to and FedEx reserves the right to route the shipment in any w ay FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country w hich is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notw ithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises betw een the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, law s, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, mis-delivery, nondelivery, misinformation or failure to provide information in connection w ith your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability w ill be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx w on't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else w ith an interest in the shipment or violations by any party of the terms of this agreement. FedEx w on't be liable for damage, loss, delay, shortage, mis-delivery, non-delivery, misinformation or failure to provide information in connection w ith shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, w eather conditions, mechanical delays, acts of public enemies, w ar, strike, civil commotion, or acts or omissions of public authorities(including customs and health officials) w ith actual or apparent authority. NO WARRANTY. We make no w arranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific w ritten claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought w ithin tw o years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment w ithout noting any damage on the delivery record, FedEx w ill assume the shipment w as delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, law s, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherw ise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at w w w.fedex.com.

8/30/2019, 1:41 PM

EXHIBIT 2, PAGE 11
EXHIBIT 3, PAGE 79

https://www.fedex.com/shipping/html/en/PrintIFrame.html



After printing this label:

**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**

1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

8/30/2019, 1:41 PM

EXHIBIT 2, PAGE 12
EXHIBIT 3, PAGE 80

https://www.fedex.com/shipping/html/en/PrintIFrame.html



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

8/30/2019, 1:41 PM

EXHIBIT 2, PAGE 13
EXHIBIT 3, PAGE 81

EXHIBIT  3

**DEFER**

## U.S. Bankruptcy Court
### Central District of California (Santa Ana)
### Adversary Proceeding #: 8:19-ap-01132-CB

*Assigned to:* Catherine E. Bauer                          *Date Filed:* 07/03/19
*Lead BK Case:* 17-12832
*Lead BK Title:* Maggie Liu
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  12 Recovery of money/property - 547 preference
                      13 Recovery of money/property - 548 fraudulent transfer

**Plaintiff**
-----------------------
**Richard A. Marshack,** *Chapter 7 Trustee*          represented by **D Edward Hays**
870 Roosevelt                                              Marshack Hays LLP
Irvine, CA 92620                                           870 Roosevelt Ave
                                                          Irvine, CA 92620
                                                          949-333-7777
                                                          Fax : 949-333-7778
                                                          Email: ehays@marshackhays.com
                                                          *LEAD ATTORNEY*

                                                          **Laila Masud**
                                                          Marshack Hays LLP
                                                          870 Roosevelt
                                                          Irvine, CA 92620
                                                          949-333-777
                                                          Fax : 949-333-7778
                                                          Email: lmasud@marshackhays.com

V.

**Defendant**
-----------------------
**Mei Ling Su**                                      represented by **Mei Ling Su**
                                                          PRO SE

**Trustee**

EXHIBIT 3, PAGE 14
EXHIBIT 3, PAGE 83

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                Page 2 of 4

----------------------
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777


*U.S. Trustee*
----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 07/03/2019 | 1<br>(45 pgs; 2 docs) | Adversary case 8:19-ap-01132. Complaint by Richard A. Marshack against Mei Ling Su. (Charge To Estate)Fee Amount $350.00. *Complaint for: (1) Avoidance, Recovery, & Preservation of Transfer (2) Avoidance, Recovery & Preservation of Construct Fraudulent Transfer (3) Avoidance, Recovery, & Preservation of Actual Fraudulent Transfer (4) Avoidance, Recovery & Preservation of Unperfected Liens (5) Declaratory Relief (6) Disallowance of Claim [11 U.S.C. Sections 502, 544, 547, 548, 550 & 551; Cal. Civ. Code Sections 3439.04, 3439.05]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)),(13 (Recovery of money/property - 548 fraudulent transfer)) (Masud, Laila) Warning: Item subsequently amended by docket entry no: 2 Modified on 7/5/2019 (Le, James). (Entered: 07/03/2019) |
| 07/05/2019 | 2 | Notice to Filer of Error and/or Deficient Document **Document filed without D. Edward Hay's holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 07/05/2019) |
| 07/05/2019 | 3<br>(45 pgs; 2 docs) | Supplemental *Complaint* Filed by Plaintiff Richard A. Marshack. (Attachments: # 1 Adversary |

EXHIBIT 3, PAGE 15
EXHIBIT 3, PAGE 84

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                     Page 3 of 4

| | | |
|---|---|---|
| | | Proceeding Cover Sheet) (Masud, Laila) (Entered: 07/05/2019) |
| 07/05/2019 | [4](#)<br>(3 pgs) | Summons Issued on Mei Ling Su Date Issued 7/5/2019, Answer Due 8/5/2019 (RE: related document(s)[1](#) Complaint filed by Plaintiff Richard A. Marshack, [3](#) Supplemental filed by Plaintiff Richard A. Marshack) Status hearing to be held on 9/24/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Le, James) (Entered: 07/05/2019) |
| 07/09/2019 | [5](#)<br>(59 pgs) | Motion *Notice of Motion and Motion to Establish Service Requirements for International Defendant; Memorandum of Point and Authorities; and Declaration of D. Edward Hays; with Proof of Service [Hrg. 7/30/19 at 1:30 p.m., Ctrm 5D]* Filed by Plaintiff Richard A. Marshack (Hays, D) (Entered: 07/09/2019) |
| 07/09/2019 | 6 | Hearing Set (RE: related document(s)[5](#) Generic Motion filed by Plaintiff Richard A. Marshack) The Hearing date is set for 7/30/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Le, James) (Entered: 07/10/2019) |
| 07/30/2019 | 7 | Hearing Held - Motion granted: Order by attorney (RE: related document(s)[5](#) Generic Motion filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 07/31/2019) |
| 08/29/2019 | [8](#)<br>(7 pgs) | Order granting motion to establish service requirements for international defendant (BNC-PDF) (Related Doc # [5](#) ) Signed on 8/29/2019 (Le, James) (Entered: 08/29/2019) |
| 08/31/2019 | [9](#)<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[8](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 08/31/2019. (Admin.) (Entered: 08/31/2019) |
| 09/03/2019 | [10](#)<br>(3 pgs) | Another Summons Issued on Mei Ling Su Date Issued 9/3/2019, Answer Due 10/3/2019 (RE: related document(s)[1](#) Complaint filed by Plaintiff Richard A. Marshack) Status hearing to be held on 11/26/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth |

EXHIBIT 3, PAGE 16
EXHIBIT 3, PAGE 85

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 20 of 34
CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                Page 4 of 4

| | | St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer. <mark>COPY OF SUMMONS AND COMPLAINT MAILED TO DEFENDANT VIA FEDEX MAILER PROVIDED BY PLAINTIFF</mark> (Le, James) (Entered: 09/03/2019) |
| 09/24/2019 | 11 | Hearing Continued - OFF CALENDAR - STATUS CONFERENCE CONTINUED TO NOVEMBER 26, 2019 AT 1:30 PM PER ANOTHER SUMMONS ISSUED 9/3/19. (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 09/25/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/04/2019 16:52:08 | | | |
| PACER Login: | mh4052870:3453976:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:19-ap-01132-CB Fil or Ent: filed From: 7/5/2011 To: 10/4/2019 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

EXHIBIT 3, PAGE 17
EXHIBIT 3, PAGE 86

EXHIBIT  4

EXHIBIT 3, PAGE 87

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **To:** | Layla Buchanan |
| **Subject:** | Online FedEx Tracking - 776127969950 |
| **Date:** | Tuesday, September 03, 2019 5:07:18 PM |



# Online FedEx Tracking

## This tracking update has been requested by:

| | |
|---|---|
| **Name:** | layla buchanan |
| **E-mail:** | lbuchanan@marshackhays.com |
| **Message:** | Status re Package to Mei Ling Su (in re Maggie Lui) |

## Tracking # 776127969950

| Ship date | | Scheduled delivery |
|---|---|---|
| 9/03/2019 | Picked up | 9/06/2019 6:00 pm |
| SANTA ANA, CA, US | | TAIPEI CITY, NY, TW |

## Shipment Facts

| | |
|---|---|
| **Tracking number** | 776127969950 |
| **Reference** | 1015-106 |
| **Ship date** | 9/03/2019 |
| **Scheduled delivery** | 9/06/2019 6:00 pm |
| **Service type** | FedEx International Priority-Deliver Weekday |
| **Standard transit date** | 9/06/2019 by 6:00 pm |

## Tracking results as of Sep 04, 2019 12:07a GMT

| **Date/Time** | **Activity/Location** |
|---|---|

| | |
|---|---|
| 9/03/2019 4:25 pm | Picked up |
| | COSTA MESA, CA |
| 8/30/2019 3:42 pm | Shipment information sent to FedEx |

Disclaimer

Standard transit is the date and time the package is scheduled to be delivered by,
based on the selected service, destination and ship date. Limitations and exceptions
may apply. Please see the FedEx Service Guide for terms and conditions of service,
including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support
representative.

To track the latest status of your shipment, click on the tracking number above.

This tracking update has been sent to you by FedEx on behalf of the Requestor
lbuchanan@marshackhays.com. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of the request,
the requestor's message, or the accuracy of this tracking update.

Thank you for your business.

© 2019 FedEx. The content of this message is protected by copyright and trademark
laws under U.S. and international law. You can access our privacy policy by searching
the term on fedex.com. All rights reserved.

EXHIBIT 4, PAGE 19
EXHIBIT 3, PAGE 89

EXHIBIT 5

EXHIBIT 3, PAGE 90



September 6,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **776127969950**.

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | R.CHIOU | Delivery location: | TAIPEI CITY, NY |
| Service type: | FedEx International Priority | Delivery date: | Sep 6, 2019 10:35 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |

Signature images are not available for display for shipments to this country.

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 776127969950 | Ship date: | Sep 3, 2019 |
| | | Weight: | 1.1 lbs/0.5 kg |

| Recipient: | Shipper: |
|---|---|
| TAIPEI CITY, NY TW | ATTENTION: CLERK OF THE COURT |
| | UNITED STATES BANKRUPTCY COURT |
| | 411 W FOURTH STREET |
| | SANTA ANA, CA 92701 US |

Additional recipient and address information is not available for display for shipments to this country.

**Reference**                                         1015-106

Thank you for choosing FedEx.

EXHIBIT 5, PAGE 20
EXHIBIT 3, PAGE 91

EXHIBIT  6

EXHIBIT 3, PAGE 92

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 96 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 27 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
1 of 7

**Fill in this information to identify the case:**

Debtor 1    Maggie Liu

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number   8:17-bk-12832-CB



FILED

NOV 27 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

1. **Who is the current creditor?**

   Mei Ling Su

   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Mei Ling Su
Name

6F #605 NO-6-1 Ching-Cheng ST.
Number    Street

TAIPEI  TAIWAN      10547
City      State      ZIP Code

Contact phone +886918312616

Contact email yingju.chunte@gmail.com

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number    Street

_____
City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____

   Filed on _____
       MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? _____

EXHIBIT 6, PAGE 21
EXHIBIT 3, PAGE 93

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 97 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 28 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
2 of 7

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**    $_____150,000.00  **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned _____

9. **Is all or part of the claim secured?**
☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $  1,379,833.00
**Amount of the claim that is secured:**    $  150,000.00
**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410    **Proof of Claim**    page 2

EXHIBIT 6, PAGE 22
EXHIBIT 3, PAGE 94

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 98 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 29 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
3 of 7

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/21/2017
                    MM / DD / YYYY

Mei Ling Su    _Mei Ling Su_
Signature

Print the name of the person who is completing and signing this claim:

Name    Mei Ling                              Su
        First name          Middle name        Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address 6F #605 NO-6-1 Ching-Cheng ST.
        Number      Street
        TAIPEI TAIWAN                          10547
        City                        State      ZIP Code

Contact phone  +886918312616          Email  yingju.chunte@gmail.com

---

Official Form 410                    Proof of Claim                    page 3

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 99 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 30 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc CORRECT PDF    Page
4 of 7

RECORDING REQUESTED BY

HAROLD LAUFER, ESQ.

AND WHEN RECORDED MAIL TO

NAME    MEI-LING SU

ADDRESS    6F-1 No.6-1 Ching-Cheng St.

CITY    Taipei
STATE & ZIP    Taiwan 105

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

24.00

*$R00093756888$*
2017000266025 4:07 pm 06/27/17
175 415 D11 A36 F14    3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

TITLE ORDER NO.                    ESCROW NO.                        APN NO. 934-41-078

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this          day of          June, 2017, between

MAGGIE JIA LIU, a single woman,    herein called Trustor,

whose address is 14 San Sovino, Newport Coast, California 92657

FIRST AMERICAN TITLE INSURANCE COMPANY, herein called Trustee, and

MEI-LING SU, an Individual,    herein called Beneficiary,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in the City of Newport Coast, County of Orange, State of California, described as:

SEE EXHIBIT A ATTACHED HERETO

Commonly known as: 14 San Sovino, Newport Coast, CA 92657

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by the one promissory note of even date herewith, and any extension or renewal thereof, for the principal sum of $118,382.52 executed by Maggie Jia Liu in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY BOOK | DATE PAGE | BOOK PAGE | COUNTY | DATE | BOOK PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL 2244 | 9/10/68 922 | 1257 574 | ORANGE | 9/6/68 | 8714 147 | SAN BERNARDINO | 9/6/68 | 7090 | 14 | SANTA BARBARA | 9/6/68 |
| KERN T5910 | 9/6/68 842 | 4195 363 | VENTURA | 9/6/68 | 3363 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 |
| RIVERSIDE | 9/10/68 | ACCOUNT = 87097 YEAR 1968 | | | | SAN DIEGO | | | | SERIES 9 BOOK 1968 PAGE 155820 | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
    The Promissory Note ("Note") secured by this Deed of Trust is subject to Section 2966 of the Civil Code as a balloon payment will be due.  This Note is also subject to acceleration upon the sale, transfer, alienation or encumbrance of the property which is the subject of this Deed of Trust.
    The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

MAGGIE JIA LIU

EXHIBIT 6, PAGE 24
EXHIBIT 3, PAGE 96

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 100 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 31 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
5 of 7

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA            )
                                ) ss
COUNTY OF ORANGE )

On JUNE 27 , 2017, before me, TOMAS VALENZUELA ——, a Notary Public, personally appeared MAGGIE JIA LIU, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

TOMAS VALENZUELA
COMM. # 2078826
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Sep 17, 2018

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 101 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 32 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc CORRECT PDF    Page
6 of 7

EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel No. 934-41-078

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 102 of 149

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 33 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
7 of 7

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

Case number: 8:17-bk-12832-CB

Debtor 1: Maggie Liu

Debtor 2:

Last 4 digits to identify:

Creditor: Mei Ling Su

Servicer:

Fixed accrual/daily
simple interest/other:

## Part 2: Total Debt Calculation

Principal balance: 150,000.00

Interest due:

Fees, costs due:

Escrow deficiency for
funds advanced:

Less total funds on hand:

Total debt: 150,000.00

## Part 3: Arrearage as of Date of the Petition

Principal & interest due:

Prepetition fees due:

Escrow deficiency for funds
advanced:

Projected escrow shortage:

Less funds on hand:

Total prepetition arrearage: 150,000.00

## Part 4: Monthly Mortgage Payment

Principal & interest:

Monthly escrow:

Private mortgage
insurance:

Total monthly
payment:

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |

Official Form 410A    Mortgage Proof of Claim Attachment    page 1 of 1

EXHIBIT 6, PAGE 27
EXHIBIT 3, PAGE 99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF LAILA MASUD RE: COMPLETED SUMMONS SERVICE EXECUTION FOR INTERNATIONAL DEFENDANT, MEI LING SU** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 4, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 4,  2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

DEFENDANT – POC ADDRESS
MEI LING SU
6F #605 NO-6-1 Ching-Cheng St.
Taipei Taiwan 10547

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 4, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Catherine E. Bauer<br>United States Bankruptcy Court<br>Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5165 / Courtroom 5D<br>Santa Ana, CA 92701-4593 | DEFENDANT – POC EMAIL ADDRESS<br>MEI LING SU<br>Yingju.chunte@gmail.com |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 4, 2019 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT  4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778 | |

☐ *Plaintiff(s) appearing without attorney*
☒ *Attorney for Plaintiff(s)* Richard A. Marshack, Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:
MAGGIE LIU,

Debtor(s).

CASE NO.: 8:17-bk-12832-CB
CHAPTER: 7
ADVERSARY NO.: 8:19-ap-01132-CB

RICHARD A. MARSHACK, Chapter 7 Trustee,

Plaintiff(s),

vs.

MEI LING SU,

Defendant(s).

**REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)**

[No Hearing Required]

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): MEI LING SU

2. Plaintiff filed the complaint in this adversary proceeding on (*specify date*): 07/03/2019

3. The summons and complaint were served on Defendant by ☐ Personal Service ☐ Mail Service
on the following date (*specify date*): 09/06/2019 ,via FedEx delivery, pursuant to Court's order (Dk. No. 8).

4. A conformed copy of the executed service of summons form is attached hereto.

5. The time for filing an answer or other responsive pleading expired on (*specify date*): 10/03/2019

6. No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: 10/07/2019

/s/ Laila Masud
Signature

LAILA MASUD
*Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012          Page 1          **F 7055-1.1.REQ.ENTER.DEFAULT**

**EXHIBIT 4, PAGE 101**

EXHIBIT  1

EXHIBIT 4, PAGE 102

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 107 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 3 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 1 of 34

1    D. EDWARD HAYS, #162507
     ehays@marshackhays.com
2    LAILA MASUD, #311731
     lmasud@marshackhays.com
3    MARSHACK HAYS LLP
     870 Roosevelt
4    Irvine, California 92620
     Telephone: (949) 333-7777
5    Facsimile: (949) 333-7778

6    Attorneys for Chapter 7 Trustee,
     RICHARD A. MARSHACK
7

8                UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10   In re

11   MAGGIE LIU,

12              Debtor.

13

14   RICHARD A. MARSHACK, Chapter 7 Trustee,

15             Plaintiff,

    v.

16   MEI LING SU.

17             Defendant.

18

| | |
|---|---|
| Case No. 8:17-bk-12832-CB | |
| Chapter 7 | |
| Adv. No. 8:19-ap-01132-CB | |

DECLARATION OF LAILA MASUD RE:
COMPLETED SUMMONS SERVICE
EXECUTION FOR INTERNATIONAL
DEFENDANT, MEI LING SU

<u>Continued Status Conference:</u>
Date: November 26, 2019
Time: 1:30 p.m.
Courtroom:5D
Address:    411 W. Fourth St.
               Santa Ana, CA 92701

19

20                 **Declaration of Laila Masud**

21        I, LAILA MASUD, say and declare as follows:

22      1.    I am an individual over 18 years of age and competent to make this Declaration.

23      2.    If called upon to do so, I could and would competently testify as to the facts set forth

24 in this Declaration.

25      3.    The facts set forth below are true of my personal knowledge.

26      4.    I am an attorney at law duly admitted to practice before this Court and all courts of the

27 State of California.

28   / / /

<div align="center">

1
DECLARATION RE: SERVICE OF ANOTHER SUMMONS
</div>

4811-8340-1385, v. 1/1015-106

<div align="right">
EXHIBIT 1, PAGE 2
EXHIBIT 4, PAGE 103
</div>

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 108 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 4 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 2 of 34

1    5.    I am an associate in the law firm of Marshack Hays LLP, attorneys of record for

2  Richard A. Marshack the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of

3  Maggie Liu ("Trustee").

4    6.    I reviewed the docket in this case prior to execution of this Declaration to refresh my

5  memory as to the dates on which particular documents were filed.

6    7.    I make this Declaration to provide the Court with a status regarding the completion of

7  service of the Complaint and Another Summon on Defendant, Mei Ling Sui ("Defendant" or "Ms.

8  Su").

9    8.    On July 17, 2017, Debtor Maggie Jia Liu ("Debtor") filed a voluntary petition under

10  Chapter 7 of Title 11 of the United States Code commencing case no. 8:17-bk-12832-CB

11  ("Bankruptcy Case"). Plaintiff and Chapter 7 Trustee Richard A. Marshack is the duly appointed and

12  acting Chapter 7 Trustee of the above-entitled Estate under 11 U.S.C. § 702.

13    9.    On July 3, 2019, the Trustee commenced the above-captioned adversary proceeding

14  ("Adversary") by filing a complaint in the Bankruptcy Case setting forth claims against Ms. Su for

15  (1) avoidance and recovery of unauthorized preferential and fraudulent transfers pursuant to 11

16  U.S.C. §§ 547, 548, 550 and 551;[1] (2) declaratory relief regarding the validity, priority, and extent of

17  an alleged unperfected secured claim held by Ms. Su pursuant to 11 U.S.C. § 544(a)(3) and FRBP

18  7001; and (3) for disallowance of claims pursuant to 11 U.S.C. § 502(d) ("Complaint").

19    10.    On July 9, 2019, as Dk. No. 5, the Trustee filed a motion to establish service

20  requirements for international defendant ("Motion".) On August 29, 2019, as Dk. No. 8, the Court

21  entered an order approving the Motion ("Order".) A true and correct copy of the Order is attached

22  here as Exhibit "1."

23    11.    Pursuant to Paragraph 3 of the Order, the Clerk of the Court was directed to mail the

24  summons and complaint to Defendant, in a pre-paid Federal Express mailer, with return receipt

25  requested, which mailer the Trustee was to provide to the Clerk. The address utilize was the address

26  provided in Defendant's filed proof of claim. *See* Claim No. 14 filed in the Bankruptcy Case. A true

27

28  [1]The Complaint also alleges avoidance and recovery of the fraudulent transfer pursuant to Cal. Civ.
Code §§3439.04, 3439.05.

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 109 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 5 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 3 of 34

and correct copy of Claim No. 14 is attached here as Exhibit "6."

12.     On or about August 30, 2019, a copy of the Complaint and a Federal Express Shipping Label to Defendant ("Shipping Label") were delivered to the Clerk of the Court. A true and correct copy of the Shipping Label provided to the Clerk of the Court is attached here as Exhibit "2."

13.     On September 3, 2019, as Dk. No. 10, the Court issued Another Summons and Notice of Status Conference ("Another Summons").

14.     The docket associated with the Adversary indicates under docket entry number 10, that "COPY OF SUMMONS AND COMPLAINT MAILED TO DEFENDANT VIA FEDEX MAILER PROVIDED BY PLAINTIFF." A true and correct copy of the docket for the Adversary as of October 4, 2019, is attached here as Exhibit "3" with the entry highlighted for ease of reference.

15.     Pursuant to the online FedEx Tracking, on September 3, 2019, the Clerk of the Court shipped a package to Defendant ("Tracking"). A true and correct copy of the Tracking is attached here as Exhibit "4."

16.     A copy of the FedEx tracking for the Shipping Label indicates delivery on September 6, 2019, at 10:35, and that it was signed for by R. Chiou ("Proof of Delivery"). A true and correct copy of the Proof of Delivery is attached here as Exhibit "5."

17.     Accordingly, in compliance with Paragraph 3 of the Order, the Complaint and Another Summons were delivered to Defendant on September 6, 2019, and service has been completed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2019.

/s/ Laila Masud
_____
LAILA MASUD

DECLARATION RE: SERVICE OF ANOTHER SUMMONS

4811-8340-1385, v. 1/1015-106

EXHIBIT 1, PAGE 4
EXHIBIT 4, PAGE 105

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 110 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 6 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 4 of 34

EXHIBIT  1

EXHIBIT 1, PAGE 5
EXHIBIT 4, PAGE 106

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
                    Main Document        Page 111 of 149
   Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
                       Main Document        Page 7 of 37
      Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
                          Main Document        Page 5 of 34
         Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
                             Main Document        Page 1 of 7

1 | D. Edward Hays, SBN 162507
    ehays@marshackhays.com
2 | Laila Masud, SBN 311731
    lmasud@marshackhays.com
3 | Marshack Hays LLP
    870 Roosevelt
4 | Irvine, California 92620
    Tel: 949-333-7777
5 | Fax: 949-333-7778

6 | Attorneys for Chapter 7 Trustee,
    Richard A. Marshack
7

**FILED & ENTERED**

**AUG 29 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY le        DEPUTY CLERK

**CHANGES MADE BY COURT**

8 |                UNITED STATES BANKRUPTCY COURT

9 |        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 | In re

12 | MAGGIE LIU,

13 |                    Debtor.

14

15 | RICHARD A. MARSHACK, Chapter 7 Trustee,

16 |                    Plaintiff,

16 | v.

17 | MEI LING SU.

18 |                    Defendant.

19

Case No. 8:17-bk-12832-CB

Chapter 7

Adv. No. 8:19-ap-01132-CB

ORDER GRANTING MOTION TO
ESTABLISH SERVICE REQUIREMENTS
FOR INTERNATIONAL DEFENDANT

Date:  July 30, 2019
Time:  1:30 p.m.
Courtroom:5D
Address:     411 W. Fourth St.
                    Santa Ana, CA 92701

20 |        A hearing was held on July 30, 2019, at 1:30 p.m., before the Honorable Catherine E. Bauer,

21 | United States Bankruptcy Judge for the Central District of California, in Courtroom 5D located at

22 | 411 West Fourth St., Santa Ana, CA, on Plaintiff's Motion to Establish Service Requirements for

23 | International Defendant filed July 30, 2019 as Docket #5 ("Motion"). Appearances were made as

24 | noted on the record.

25 |        //

26 |        //

27 |        //

28

1

EXHIBIT 1, PAGE 4
EXHIBIT 1, PAGE 6
EXHIBIT 4, PAGE 107

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 112 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 8 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 6 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 2 of 7

1        The Court having read and considered the Motion, heard the statements of counsel, noted the lack

2 of opposition and with good cause shown,

3        IT IS ORDERED:

4        1.      The Motion is granted.

5        2.      The Clerk of the Court is directed to issue a new summons.

6        3.      Pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii), the Clerk of the Court is

7 directed to mail the summons and complaint to Mei Ling Su, in a pre-paid Federal Express mailer,

8 with return receipt requested, which mailer the Trustee will provide to the Clerk, with the Estate to

9 bear all costs.

10        4.      If a return receipt is not received within 30 days, then pursuant to Federal Rule of

11 Civil Procedure 4(f)(2)(b), the Court authorizes the issuance of the Letter Rogatory for service. A

12 sample is attached as Exhibit "1".

13        5.      If either of the foregoing methods of service are not completed within 120 days,

14 Trustee is authorized to serve the Summons and Complaint by publication once a week for six

15 consecutive weeks in a paper of general circulation in Orange County, California.

16                                    ###

23 Date: August 29, 2019

24                                    Catherine Bauer
                                   United States Bankruptcy Judge

2

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 113 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 9 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 7 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 3 of 7

EXHIBIT  1

EXHIBIT 1, PAGE 6
EXHIBIT 1, PAGE 8
EXHIBIT 4, PAGE 109

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 114 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 10 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 8 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 4 of 7

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:17-bk-12832-CB |
| MAGGIE LIU, | Chapter 7 |
| Debtor. | Adv. No. 8:19-ap-01132-CB |
| | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) |
| RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| MEI LING SU. | |
| Defendant. | |

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:

The United States Bankruptcy Court, Central District of California - Santa Ana Division, presents its compliments to the Appropriate Judicial Authority of Taiwan and requests international judicial assistance to effect service of process in a civil adversary proceeding before this Court in the above-captioned matter. More specifically, this Court requests that the Appropriate Judicial Authority of Taiwan effect service upon Mei Ling Su ("Ms. Su"). Ms. Sue is a resident of Taiwan with her residence located at 6F #605 No-6-1 Ching-Cheng ST. Taipei, Taiwan 10547. I cordially solicit your assistance in this matter by requesting that you personally deliver a copy of the summons, attached hereto, to the address indicated above. I further request after personal service of the enclosed documents, in the manner prescribed by the laws of Taiwan, proof of service be returned to the Court.

To briefly recount the history of this case, on July 17, 2017, Debtor Maggie Jia Liu ("Debtor") filed a voluntary petition ("Petition Date") under Chapter 7 of Title 11 of the United States Code commencing case no. 8:17-bk-12832-CB ("Bankruptcy Case"). Plaintiff and Chapter 7

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 115 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 11 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 9 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document    Page 5 of 7

1   Trustee Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the above-

2   entitled Estate under 11 U.S.C. § 702.

3        Within the ninety-day period immediately prior to the filing of the Petition, and in

4   anticipation of filing for bankruptcy, the Debtor executed a promissory note in favor of Ms. Su for

5   $150,000 with interest at 3% per annum. The purported security for the Note was Debtor's real

6   property commonly known as 14 San Sovino, Newport Coast, California 92657 ("Newport Coast

7   Property"). Under the terms of the alleged Note, no payments were due and owing until the

8   maturity of the Note which was the earlier of June 1, 2033, or the day on when the Newport Coast

9   Property is sold or transferred by Debtor to a third party.

10        On June 27, 2017, a short form deed of trust and assignment of rents ("Deed of Trust") was

11   purportedly recorded by Mr. Harold Laufer ("Mr. Laufer") in favor of Defendant, against the

12   Newport Coast Property to secure repayment of the Note.

13        As of the Petition Date, the only lien allegedly held by Ms. Su arises from the Deed of Trust

14   recorded 20 days prior to bankruptcy.

15        In her Schedule A, Debtor disclosed her ownership of the Newport Coast Property and

16   valued it at $1,379,833.

17        Trustee's investigation of the Deed of Trust revealed the following:

18   •    On December 15, 2015, Ms. Ho filed a complaint against Debtor, in the Orange
19        County Superior Court, entitled Yu Hua v. Maggie Liu, et al., case number 30-2015-
         00825301 ("State Court Action"). Ms. Ho's complaint in the State Court Action alleged
20        causes of action including fraud, conversion, breach of fiduciary duty, unfair business
         practice, money had and received, unjust enrichment, breach of written contract,
         fraudulent conveyance and constructive fraudulent conveyance.
21

22   •    The trial in the State Court Action was held on May 1, 2017. Judgment was
         entered favor of Ms. Ho in the sum of $704,069.00 ("Judgment"). The Notice of Entry
23        of Judgment was filed on or around June 19, 2017.

24   •    On June 21, 2017, an abstract or certified copy of the Judgment for $704,043.90
         entered in connection with the State Action was recorded with the Orange Comity
25        Recorder by Ms. Ho against the Newport Coast Property ("Judgment Lien").

26   •    On or around May 9, 2017, when the judge in the State Court Action decided to
         enter judgment in favor of Ms. Ho, Debtor's attorney reached out to counsel for Ms. Ho
27        asserting Debtor was going to file bankruptcy if Ms. Ho did not accept a settlement
         offer.

28   •    Simply put, Debtor knew she was going to file bankruptcy and she knew that Ms.
         Ho was going to have a lien on the Newport Coast Property.

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

EXHIBIT 1, PAGE 4
EXHIBIT 1, PAGE 8
EXHIBIT 1, PAGE 10
EXHIBIT 4, PAGE 111

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 116 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 12 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 10 of 34
Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
Main Document        Page 6 of 7

- Before bankruptcy, at a time when Debtor had already decided to file bankruptcy, she purportedly borrowed $150,000 from Ms. Su pursuant to the alleged Note and Deed of Trust. As such, Trustee alleges, the $150,000 purportedly secured by the Note and Deed of Trust was incurred with actual intent to hinder, delay, or defraud creditors including the Judgment Lien.

- Harold Laufer ("Mr. Laufer") whose name is listed on the Deed of Trust as the individual who requested its recording denies any involvement in preparing the Note and Deed of Trust. Moreover, Mr. Laufer denies ever representing anyone by Ms. Su's name as reflected in the Deed of Trust.

Based on the foregoing, on July 3, 2019, the Trustee commenced the above-captioned adversary proceeding ("Adversary Proceeding") by filing a complaint in the Bankruptcy Case setting forth claims against Ms. Su for (1) avoidance and recovery of unauthorized preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, 550 and 551[1]; (2) declaratory relief regarding the validity, priority, and extent of an alleged unperfected secured claim held by Ms. Su pursuant to 11 U.S.C. § 544(a)(3) and FRBP 7001; and (3) for disallowance of claims pursuant to 11 U.S.C. § 502(d) ("Complaint").[2]

The documents I transmit to you are styled as follows:

1. Summons and Notice of Status Conference;

2. Adversary Proceeding Cover Sheet;

3. Complaint of Chapter 7 Trustee for (1) Avoidance, Recovery, and Preservation of Preferential Transfer; (2) Avoidance, Recovery, and Preservation of Construct Fraudulent Transfer; (3) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfer; (4) Avoidance, Recovery, and Preservation of Unperfected Liens; (5) Declaratory Relief Re: Validity Priority, and Extend of Alleged Lien; and (6) Disallowance of Claims;

---

[1] The Complaint also alleges avoidance and recovery of the fraudulent transfer pursuant to Cal. Civ. Code §§3439.04, 3439.05.
[2] This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, 11 U.S.C. §§ 506 and 544 and the Local Rules for the United States Bankruptcy Court for the Central District of California, and is the proper venue for the Adversary Proceeding under 28 U.S.C. §§ 1408 and 1409 as this adversary proceeding arises under, and in connection with, a case under Title 11 which is pending in this District. The Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

EXHIBIT 1, PAGE 5
EXHIBIT 1, PAGE 9
EXHIBIT 1, PAGE 11
EXHIBIT 4, PAGE 112

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
                      Main Document        Page 117 of 149
      Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
                          Main Document        Page 13 of 37
          Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
                              Main Document        Page 11 of 34
              Case 8:19-ap-01132-CB    Doc 8    Filed 08/29/19    Entered 08/29/19 16:19:16    Desc
                                  Main Document    Page 7 of 7

1    This request for international judicial assistance is made in the interests of justice. This

2  Court is willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan, and

3  Trustee's counsel, Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620, USA, stands ready to

4  reimburse the appropriate Judicial Authority of Taiwan for costs incurred in executing this Court's

5  letter rogatory.

6  DATED:  _____, 2019

7

8                                  By:_____
                                        HONORABLE CATHERINE E. BAUER
9                                       UNITED STATES BANKRUPTCY JUDGE

10

11  (SEAL OF COURT)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4
                    REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
4828-6982-1855, v. 1

EXHIBIT 1, PAGE 6
EXHIBIT 1, PAGE 10
EXHIBIT 1, PAGE 12
EXHIBIT 4, PAGE 113

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 118 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 14 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 12 of 34

EXHIBIT  2

EXHIBIT 1, PAGE 13
EXHIBIT 4, PAGE 114

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 119 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 15 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 13 of 34

https://www.fedex.com/shipping/html/en/PrintIFrame.html



After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "w-e", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is w-th the FedEx subsidiary, branch or independent contractor w-ho originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or w-aybills. The term "shipment" means all packages w-hich are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, w-ill then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stopping places w-hich are agreed to and FedEx reserves the right to route the shipment in any w-ay FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country w-hich is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notw-thstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises betw-een the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, law s, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, mis-delivery, nondelivery, misinformation or failure to provide information in connection w-th your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability w-ill be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx w-on't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else w-ith an interest in the shipment or violations by any party of the terms of this agreement. FedEx w-on't be liable for damage, loss, delay, shortage, mis-delivery, non-delivery, misinformation or failure to provide information in connection w-ith shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, w-eather conditions, mechanical delays, acts of public enemies, w-ar, strike, civil commotion, or acts or omissions of public authorities(including customs and health officials) w-ith actual or apparent authority. NO WARRANTY. We make no w-arranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific w-ritten claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought w-ithin tw-o years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment w-thout noting any damage on the delivery record, FedEx w-ill assume the shipment w-as delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, law s, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherw-ise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at w w w .fedex.com

8/30/2019, 1:41 PM

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 120 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 16 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 14 of 34

https://www.fedex.com/shipping/html/en/PrintIFrame.html



After printing this label:

**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**

1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

8/30/2019, 1:41 PM

EXHIBIT 2, PAGE 12
EXHIBIT 1, PAGE 15
EXHIBIT 4, PAGE 116

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 121 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 17 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 15 of 34

https://www.fedex.com/shipping/html/en/PrintIFrame.html



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

8/30/2019, 1:41 PM

EXHIBIT 2, PAGE 13
EXHIBIT 1, PAGE 16
EXHIBIT 4, PAGE 117

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 122 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 18 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 16 of 34

EXHIBIT  3

EXHIBIT 1, PAGE 17
EXHIBIT 4, PAGE 118

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 123 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 19 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 17 of 34
CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                    Page 1 of 4

**DEFER**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:19-ap-01132-CB

*Assigned to:* Catherine E. Bauer                    *Date Filed:* 07/03/19
*Lead BK Case:* 17-12832
*Lead BK Title:* Maggie Liu
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 12 Recovery of money/property - 547 preference
                     13 Recovery of money/property - 548 fraudulent transfer

### Plaintiff
------------------------
**Richard A. Marshack,** *Chapter 7 Trustee*          represented by **D Edward Hays**
870 Roosevelt                                                       Marshack Hays LLP
Irvine, CA 92620                                                    870 Roosevelt Ave
                                                                    Irvine, CA 92620
                                                                    949-333-7777
                                                                    Fax : 949-333-7778
                                                                    Email: ehays@marshackhays.com
                                                                    *LEAD ATTORNEY*

                                                                    **Laila Masud**
                                                                    Marshack Hays LLP
                                                                    870 Roosevelt
                                                                    Irvine, CA 92620
                                                                    949-333-777
                                                                    Fax : 949-333-7778
                                                                    Email: lmasud@marshackhays.com

V.

### Defendant
------------------------
**Mei Ling Su**                                       represented by **Mei Ling Su**
                                                                    PRO SE

### Trustee

EXHIBIT 3, PAGE 14
EXHIBIT 1, PAGE 18
EXHIBIT 4, PAGE 119

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 124 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 20 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 18 of 34
CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                    Page 2 of 4

-----------------------
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777


*U.S. Trustee*
-----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 07/03/2019 | 1<br>(45 pgs; 2 docs) | Adversary case 8:19-ap-01132. Complaint by Richard A. Marshack against Mei Ling Su (Charge To Estate)Fee Amount $350.00. *Complaint for: (1) Avoidance, Recovery, & Preservation of Transfer (2) Avoidance, Recovery & Preservation of Construct Fraudulent Transfer (3) Avoidance, Recovery, & Preservation of Actual Fraudulent Transfer (4) Avoidance, Recovery & Preservation of Unperfected Liens (5) Declaratory Relief (6) Disallowance of Claim [11 U.S.C. Sections 502, 544, 547, 548, 550 & 551; Cal. Civ. Code Sections 3439.04, 3439.05]* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (12 (Recovery of money/property - 547 preference)),(13 (Recovery of money/property - 548 fraudulent transfer)) (Masud, Laila) Warning: Item subsequently amended by docket entry no: 2 Modified on 7/5/2019 (Le, James). (Entered: 07/03/2019) |
| 07/05/2019 | 2 | Notice to Filer of Error and/or Deficient Document **Document filed without D. Edward Hay's holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 07/05/2019) |
| 07/05/2019 | 3<br>(45 pgs; 2 docs) | Supplemental *Complaint* Filed by Plaintiff Richard A. Marshack. (Attachments: # 1 Adversary |

EXHIBIT 3, PAGE 15
EXHIBIT 1, PAGE 19
EXHIBIT 4, PAGE 120

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 125 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 21 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 19 of 34

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                    Page 3 of 4

| | | |
|---|---|---|
| | | Proceeding Cover Sheet) (Masud, Laila) (Entered: 07/05/2019) |
| 07/05/2019 | 4 (3 pgs) | Summons Issued on Mei Ling Su Date Issued 7/5/2019, Answer Due 8/5/2019 (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack, 3 Supplemental filed by Plaintiff Richard A. Marshack) Status hearing to be held on 9/24/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Le, James) (Entered: 07/05/2019) |
| 07/09/2019 | 5 (59 pgs) | Motion *Notice of Motion and Motion to Establish Service Requirements for International Defendant; Memorandum of Point and Authorities; and Declaration of D. Edward Hays; with Proof of Service [Hrg. 7/30/19 at 1:30 p.m., Ctrm 5D]* Filed by Plaintiff Richard A. Marshack (Hays, D) (Entered: 07/09/2019) |
| 07/09/2019 | 6 | Hearing Set (RE: related document(s)5 Generic Motion filed by Plaintiff Richard A. Marshack) The Hearing date is set for 7/30/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Le, James) (Entered: 07/10/2019) |
| 07/30/2019 | 7 | Hearing Held - Motion granted: Order by attorney (RE: related document(s)5 Generic Motion filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 07/31/2019) |
| 08/29/2019 | 8 (7 pgs) | Order granting motion to establish service requirements for international defendant (BNC-PDF) (Related Doc # 5 ) Signed on 8/29/2019 (Le, James) (Entered: 08/29/2019) |
| 08/31/2019 | 9 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)8 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 08/31/2019. (Admin.) (Entered: 08/31/2019) |
| 09/03/2019 | 10 (3 pgs) | Another Summons Issued on Mei Ling Su Date Issued 9/3/2019, Answer Due 10/3/2019 (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack) Status hearing to be held on 11/26/2019 at 01:30 PM at Crtrm 5D, 411 W Fourth |

EXHIBIT 3, PAGE 16
EXHIBIT 1, PAGE 20
EXHIBIT 4, PAGE 121

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document         Page 126 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document         Page 22 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document         Page 20 of 34

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                    Page 4 of 4

| | | |
|---|---|---|
| | | St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer. COPY OF SUMMONS AND COMPLAINT MAILED TO DEFENDANT VIA FEDEX MAILER PROVIDED BY PLAINTIFF (Le, James) (Entered: 09/03/2019) |
| 09/24/2019 | 11 | Hearing Continued - OFF CALENDAR - STATUS CONFERENCE CONTINUED TO NOVEMBER 26, 2019 AT 1:30 PM PER ANOTHER SUMMONS ISSUED 9/3/19. (RE: related document(s)1 Complaint filed by Plaintiff Richard A. Marshack) (Le, James) (Entered: 09/25/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/04/2019 16:52:08 | | |
| **PACER Login:** | mh4052870:3453976:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:19-ap-01132-CB Fil or Ent: filed From: 7/5/2011 To: 10/4/2019 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

EXHIBIT 3, PAGE 17
EXHIBIT 1, PAGE 21
EXHIBIT 4, PAGE 122

EXHIBIT  4

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 128 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 24 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 22 of 34

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **To:** | Layla Buchanan |
| **Subject:** | Online FedEx Tracking - 776127969950 |
| **Date:** | Tuesday, September 03, 2019 5:07:18 PM |



# Online FedEx Tracking

## This tracking update has been requested by:

| | |
|---|---|
| **Name:** | layla buchanan |
| **E-mail:** | lbuchanan@marshackhays.com |
| **Message:** | Status re Package to Mei Ling Su (in re Maggie Lui) |

## Tracking # 776127969950

| Ship date | | Scheduled delivery |
|---|---|---|
| 9/03/2019 | Picked up | 9/06/2019 6:00 pm |
| SANTA ANA, CA, US | | TAIPEI CITY, NY, TW |

## Shipment Facts

| | |
|---|---|
| **Tracking number** | 776127969950 |
| **Reference** | 1015-106 |
| **Ship date** | 9/03/2019 |
| **Scheduled delivery** | 9/06/2019 6:00 pm |
| **Service type** | FedEx International Priority-Deliver Weekday |
| **Standard transit date** | 9/06/2019 by 6:00 pm |

## Tracking results as of Sep 04, 2019 12:07a GMT

| Date/Time | Activity/Location |
|---|---|

EXHIBIT 4, PAGE 18
EXHIBIT 1, PAGE 23
EXHIBIT 4, PAGE 124

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 129 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 25 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 23 of 34

| | |
|---|---|
| 9/03/2019 4:25 pm | Picked up |
| | COSTA MESA, CA |
| 8/30/2019 3:42 pm | Shipment information sent to FedEx |

Disclaimer

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

To track the latest status of your shipment, click on the tracking number above.

This tracking update has been sent to you by FedEx on behalf of the Requestor lbuchanan@marshackhays.com. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update.

Thank you for your business.

© 2019 FedEx. The content of this message is protected by copyright and trademark laws under U.S. and international law. You can access our privacy policy by searching the term on fedex.com. All rights reserved.

EXHIBIT 4, PAGE 19
EXHIBIT 1, PAGE 24
EXHIBIT 4, PAGE 125

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 130 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 26 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 24 of 34

EXHIBIT  5

EXHIBIT 1, PAGE 25
EXHIBIT 4, PAGE 126

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 131 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 27 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 25 of 34



September 6,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **776127969950**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | R.CHIOU | Delivery location: | TAIPEI CITY, NY |
| Service type: | FedEx International Priority | Delivery date: | Sep 6, 2019 10:35 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |

Signature images are not available for display for shipments to this country.

---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 776127969950 | Ship date: | Sep 3, 2019 |
| | | Weight: | 1.1 lbs/0.5 kg |

Recipient:                          Shipper:
TAIPEI CITY, NY TW                  ATTENTION: CLERK OF THE COURT
                                    UNITED STATES BANKRUPTCY COURT
                                    411 W FOURTH STREET
                                    SANTA ANA, CA 92701 US

Additional recipient and address information is not available for display for shipments to this country.

**Reference**                       1015-106

Thank you for choosing FedEx.

EXHIBIT 5, PAGE 20
EXHIBIT 1, PAGE 26
EXHIBIT 4, PAGE 127

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 132 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 28 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 26 of 34

EXHIBIT  6

EXHIBIT 1, PAGE 27
EXHIBIT 4, PAGE 128

Case 8:19-ap-01132-CB   Doc 16   Filed 10/15/19   Entered 10/15/19 15:13:08   Desc
Main Document   Page 133 of 149
Case 8:19-ap-01132-CB   Doc 13   Filed 10/07/19   Entered 10/07/19 18:14:58   Desc
Main Document   Page 29 of 37
Case 8:19-ap-01132-CB   Doc 12   Filed 10/04/19   Entered 10/04/19 17:30:23   Desc
Main Document   Page 27 of 34
Case 8:17-bk-12832-CB   Claim 14-1 Part 2   Filed 11/27/17   Desc  CORRECT PDF   Page
1 of 7

**Fill in this information to identify the case:**

Debtor 1    Maggie Liu

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number   8:17-bk-12832-CB



FILED

NOV 2 7 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Mei Ling Su
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Mei Ling Su
Name

6F #605 NO-6-1 Ching-Cheng ST.
Number       Street

TAIPEI  TAIWAN              10547
City                State        ZIP Code

Contact phone +886918312616

Contact email  yingju.chunte@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City              State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                          Proof of Claim                          page 1

EXHIBIT 6, PAGE 21
EXHIBIT 1, PAGE 28
EXHIBIT 4, PAGE 129

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 134 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 30 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 28 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
2 of 7

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___

**7. How much is the claim?**  $ _____150,000.00_____  Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned _____

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ ____1,379,833.00____

**Amount of the claim that is secured:**  $ ____150,000.00____

**Amount of the claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                     Proof of Claim                     page 2

EXHIBIT 6, PAGE 22
EXHIBIT 1, PAGE 29
EXHIBIT 4, PAGE 130

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document    Page 135 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document    Page 31 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document    Page 29 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
3 of 7

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:*          **Amount entitled to priority** <br><br> ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____ <br><br> ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____ <br><br> ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____ <br><br> ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____ <br><br> ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____ <br><br> ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.   $_____ <br><br> * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |

### Part 3:  Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). <br><br> If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. <br><br> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:* <br><br> ☑ I am the creditor. <br> ☐ I am the creditor's attorney or authorized agent. <br> ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. <br> ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. <br><br> I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. <br><br> I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. <br><br> I declare under penalty of perjury that the foregoing is true and correct. <br><br> Executed on date  11/21/2017 <br>            MM / DD / YYYY <br><br> Mei Ling Su    *(signature)* <br>      Signature <br><br> **Print the name of the person who is completing and signing this claim:** <br><br> Name    Mei Ling                  Su <br>         First name    Middle name    Last name <br><br> Title    _____ <br><br> Company    _____ <br>         Identify the corporate servicer as the company if the authorized agent is a servicer. <br><br> Address    6F #605 NO-6-1 Ching-Cheng ST. <br>         Number    Street <br>         TAIPEI  TAIWAN            10547 <br>         City          State    ZIP Code <br><br> Contact phone   +886918312616      Email   yingju.chunte@gmail.com |

EXHIBIT 6, PAGE 23
EXHIBIT 1, PAGE 30
EXHIBIT 4, PAGE 131

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document        Page 136 of 149
Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document        Page 32 of 37
Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document        Page 30 of 34
Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
4 of 7

RECORDING REQUESTED BY

HAROLD LAUFER, ESQ.

AND WHEN RECORDED MAIL TO

NAME    MEI-LING SU

ADDRESS    6F-1 No.6-1 Ching-Cheng St.

CITY    Taipei
STATE & ZIP    Taiwan 105

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

24.00

* S R 0 0 0 9 3 7 5 6 8 8 8 *

2017000266025 4:07 pm 06/27/17
175 415 D11 A36 F14   3
0.00 0.00 0.00 6.00 0.00 0.00 0.00

TITLE ORDER NO.                    ESCROW NO.                    APN NO. 934-41-078

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this                  day of              June, 2017, between

MAGGIE JIA LIU, a single woman,    herein called Trustor,

whose address is 14 San Sovino, Newport Coast, California 92657,

FIRST AMERICAN TITLE INSURANCE COMPANY, herein called Trustee, and

MEI-LING SU, an Individual,    herein called Beneficiary,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Newport Coast, County of Orange, State of California, described as:

SEE EXHIBIT A ATTACHED HERETO

Commonly known as: 14 San Sovino, Newport Coast, CA 92657

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:  1. Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the indebtedness evidenced by the one promissory note of even date herewith, and any extension or renewal thereof, for the principal sum of $118,382.52 executed by Maggie Jia Liu in favor of Beneficiary or order.  3.  Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY BOOK | DATE PAGE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL 2244 | 9/10/68 922 | 1267 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/6/98 | 7090 | 14 | SANTA BARBARA | 9/6/68 |
| KERN T5910 | 9/6/68 842 | 4195 | 363 | VENTURA | 9/6/68 | 3363 | 84 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/28/68 |
| RIVERSIDE 9/10/68 | ACCOUNT = 87097 YEAR 1968 | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155820 | | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
    The Promissory Note ("Note") secured by this Deed of Trust is subject to Section 2966 of the Civil Code as a balloon payment will be due.  This Note is also subject to acceleration upon the sale, transfer, alienation or encumbrance of the property which is the subject of this Deed of Trust.
    The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

MAGGIE JIA LIU

EXHIBIT 6, PAGE 24
EXHIBIT 1, PAGE 31
EXHIBIT 4, PAGE 132

Case 8:19-ap-01132-CB   Doc 16   Filed 10/15/19   Entered 10/15/19 15:13:08   Desc
Main Document    Page 137 of 149
Case 8:19-ap-01132-CB   Doc 13   Filed 10/07/19   Entered 10/07/19 18:14:58   Desc
Main Document    Page 33 of 37
Case 8:19-ap-01132-CB   Doc 12   Filed 10/04/19   Entered 10/04/19 17:30:23   Desc
Main Document    Page 31 of 34
Case 8:17-bk-12832-CB   Claim 14-1 Part 2   Filed 11/27/17   Desc  CORRECT PDF   Page
5 of 7

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             ) ss
COUNTY OF ORANGE)

On JUNE 27, 2017, before me, TOMAS VALENZUELA, a Notary Public, personally appeared MAGGIE JIA LIU, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

TOMAS VALENZUELA
COMM. # 2070826
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Sep 17, 2018

EXHIBIT 6, PAGE 25
EXHIBIT 1, PAGE 32
EXHIBIT 4, PAGE 133

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 138 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 34 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 32 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc  CORRECT PDF    Page
6 of 7

EXHIBIT "A"

All that certain real property situated in the County of Orange, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

An undivided 1/14th fee simple interest as a tenant in common in and to the "Common Area" as shown on the Condominium Plan for Phase 11 of Ziani ("Phase 11") consisting of Lot 5 of Tract No. 16195, as shown on a Map recorded in Book 830, Pages 1 to 8 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County, which Condominium Plan was recorded March 25, 2004 as Instrument No. 04-245876 of Official Records of said Orange County (the "Condominium Plan").

Parcel 2:

Unit 63 of Phase 11, consisting of certain airspace and surface and subsurface elements, as shown and described in the Condominium Plan.

Parcel 3:

Exclusive easements, appurtenant to Parcel 1 and Parcel 2 described above, for deck, porch and patio purposes, as applicable, over a portion of Phase 11 as described in and shown on the Condominium Plan and as described in the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Ziani ("Declaration") recorded October 15, 2002 as Instrument No. 02-888189 and the Supplemental Declaration of Covenants, Conditions, Restrictions, Reservation of Easements and Notice of Addition (Ziani-Phase 11) ("Supplemental Declaration") recorded March 25, 2004 as Instrument No. 04-24587, both of Official Records.

Parcel 4:

Non-exclusive easements for access, ingress, egress, enjoyment, utilities, encroachment, support, maintenance and repairs, all as described in the abovementioned Declarations referred to in Parcel 3.

Assessor's Parcel  No. 934-41-078

Case 8:19-ap-01132-CB    Doc 16    Filed 10/15/19    Entered 10/15/19 15:13:08    Desc
Main Document      Page 139 of 149

Case 8:19-ap-01132-CB    Doc 13    Filed 10/07/19    Entered 10/07/19 18:14:58    Desc
Main Document      Page 35 of 37

Case 8:19-ap-01132-CB    Doc 12    Filed 10/04/19    Entered 10/04/19 17:30:23    Desc
Main Document      Page 33 of 34

Case 8:17-bk-12832-CB    Claim 14-1 Part 2    Filed 11/27/17    Desc   CORRECT PDF    Page
7 of 7

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 8:17-bk-12832-CB |
| Debtor 1: | Maggie Liu |
| Debtor 2: | |
| Last 4 digits to identify: | |
| Creditor: | Mei Ling Su |
| Servicer: | |
| Fixed accrual/daily simple interest/other: | |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 150,000.00 |
| Interest due: | |
| Fees, costs due: | |
| Escrow deficiency for funds advanced: | |
| Less total funds on hand: | |
| Total debt: | 150,000.00 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | |
| Prepetition fees due: | |
| Escrow deficiency for funds advanced: | |
| Projected escrow shortage: | |
| Less funds on hand: | |
| Total prepetition arrearage: | |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | |
| Monthly escrow: | |
| Private mortgage insurance: | |
| Total monthly payment: | |

## Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |

Official Form 410A

Mortgage Proof of Claim Attachment

page 1 of 4

EXHIBIT 6, PAGE 27
EXHIBIT 1, PAGE 34
EXHIBIT 4, PAGE 135

Case 8:19-ap-01132-CB   Doc 16   Filed 10/15/19   Entered 10/15/19 15:13:08   Desc
Main Document     Page 140 of 149
Case 8:19-ap-01132-CB   Doc 13   Filed 10/07/19   Entered 10/07/19 18:14:58   Desc
Main Document     Page 36 of 37
Case 8:19-ap-01132-CB   Doc 12   Filed 10/04/19   Entered 10/04/19 17:30:23   Desc
Main Document     Page 34 of 34

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF LAILA MASUD RE: COMPLETED SUMMONS SERVICE EXECUTION FOR INTERNATIONAL DEFENDANT, MEI LING SU** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 4, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 4,  2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEFENDANT – POC ADDRESS
MEI LING SU
6F #605 NO-6-1 Ching-Cheng St.
Taipei Taiwan 10547

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 4, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| Honorable Catherine E. Bauer United States Bankruptcy Court Central District of California Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 5165 / Courtroom 5D Santa Ana, CA 92701-4593 | DEFENDANT – POC EMAIL ADDRESS MEI LING SU Yingju.chunte@gmail.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 4, 2019 | Layla Buchanan | | /s/ Layla Buchanan |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1, PAGE 35
EXHIBIT 4, PAGE 136

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 7, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 7,  2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEFENDANT – POC ADDRESS
MEI LING SU
6F #605 NO-6-1 Ching-Cheng St.
Taipei Taiwan 10547

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 7, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| Honorable Catherine E. Bauer | DEFENDANT – POC EMAIL ADDRESS |
|---|---|
| United States Bankruptcy Court | MEI LING SU |
| Central District of California | Yingju.chunte@gmail.com |
| Ronald Reagan Federal Building and Courthouse | |
| 411 West Fourth Street, Suite 5165 / Courtroom 5D | |
| Santa Ana, CA 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2019 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 4, PAGE 137

# United States Bankruptcy Court
## Central District of California

### 411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593

| | |
|---|---|
| In re:<br>Maggie Liu<br><br><br>Debtor(s). | BANKRUPTCY CASE NO.:  8:17-bk-12832-CB<br><br>CHAPTER NO.:  7 |
| Richard A. Marshack<br><br><br>Plaintiff(s)<br>Versus<br>Mei Ling Su<br><br><br>Defendant(s) | ADVERSARY NO.:  8:19-ap-01132-CB |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055-1(a)

On 10/7/19, a request was filed for the clerk to enter default against defendant(s) **Mei Ling Su**.

 Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: October 8, 2019

By: James Le
   **Deputy Clerk**

(Form van192-nched VAN-192) Rev. 12/2014                **14 - 13 / JLL**

EXHIBIT 4, PAGE 138

EXHIBIT  5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, SBN 162507<br>ehays@marshackhays.com<br>LAILA MASUD, SBN 311731<br>lmasud@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Plaintiff and Chapter 7 Trustee, RICHARD A. MARSHACK | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*SANTA ANA* DIVISION**

</div>

| In re:<br><br>MAGGIE LIU,<br><br><br><br>                                        Debtor(s)<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br><br><br>                                        Plaintiff(s)<br><br>                    vs.<br><br>MEI LING SU,<br><br><br><br>                                        Defendant(s) | CASE NO.: 8:17-bk-12832-CB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: 8:19-ap-01132-CB<br><br><div align="center">**DEFAULT JUDGMENT**<br>**(WITHOUT PRIOR JUDGMENT)**</div><br><br>DATE: November 5, 2019<br>TIME: 1:30 p.m.<br>COURTROOM: 5D<br>PLACE: 411 W. 4th Street, Santa Ana, CA 92701 |

Based on the Defendant's failure to respond to the Complaint, the court renders its judgment as follows:

1.    Judgment shall be entered in favor of Plaintiff (*specify name*): Richard A. Marshack, in his capacity as Chapter 7 Trustee and against Defendant (*specify name*): MEI LING SU

2.  a.  ☐  Plaintiff is awarded damages in the following amount:                    $_____

    b.  ☐  Plaintiff is awarded costs in the following amount:                       $_____

    c.  ☐  Plaintiff is awarded attorney fees in the following amount:              $

    d.  ☐  Plaintiff is awarded interest at the rate of _____% per year from the following date to the date of entry of this judgment (*specify date from which interest shall begin to run*): _____

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 1                    **F 7055-1.2.DEFAULT.JMT**
4838-0723-8313, v. 1

EXHIBIT 5, PAGE 139

e.  ☒  Plaintiff is granted the following relief (*specify*):

Judgment on all claims for relief in the Complaint is entered in favor of Plaintiff, Richard A. Marshack, in his capacity as chapter 7 trustee of the bankruptcy estate of Maggie Liu, pursuant to 11 U.S.C. §§ 502, 544, 547, 548, 550, and 551, in addition to Cal. Civ. Code §§ 3439.04, 3439.05 and against Defendant as follows:

The deed of trust recorded against the real property commonly known as 14 San Sovino, Newport Coast, CA 92657, (legal description attached) ("Property") that was recorded on June 27, 2017, in the Orange County Recorder's Office as Instrument No. 2017000266025, is avoided, recovered, and preserved for the benefit of the bankruptcy estate of Maggie Liu. The lien arising from such deed of trust which has attached to the proceeds of sale of such Property is further avoided, recovered, and preserved for the benefit of the estate.

☒  See attached page for full legal description of Property

3.  ☐  This judgment or claim is determined to be non-dischargeable under:    ☐  Bankruptcy Code §523(a) _____
    ☐  Other (*specify*):

4.  ☐  The court further orders:

☐  See attached page

### 

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                            Page 2                          **F 7055-1.2.DEFAULT.JMT**

4838-0723-8313, v. 1

EXHIBIT 5, PAGE 140

Order Number: **O-SA-5503870**
Page Number: 11

## LEGAL DESCRIPTION

Real property in the City of Newport Coast, County of Orange, State of California, described as follows:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED 1/14TH FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE "COMMON AREA" AS SHOWN ON THE CONDOMINIUM PLAN FOR PHASE 11 OF ZIANI ("PHASE 11") CONSISTING OF  LOT 5 OF TRACT NO. 16195, AS SHOWN ON A MAP RECORDED IN BOOK 830, PAGES 1 TO 8 INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WHICH CONDOMINIUM PLAN WAS RECORDED MARCH 25, 2004 AS INSTRUMENT NO. 04-245876 OF OFFICIAL RECORDS OF SAID ORANGE COUNTY (THE "CONDOMINIUM PLAN").

PARCEL 2:

UNIT 63 OF PHASE 11, CONSISTING OF CERTAIN AIRSPACE AND SURFACE AND SUBSURFACE ELEMENTS, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN.

PARCEL 3:

EXCLUSIVE EASEMENTS, APPURTENANT TO PARCEL 1 AND PARCEL 2 DESCRIBED ABOVE, FOR DECK, PORCH AND PATIO PURPOSES, AS APPLICABLE, OVER A PORTION OF PHASE 11 AS DESCRIBED IN AND SHOWN ON THE CONDOMINIUM PLAN AND AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTION AND RESERVATION OF EASEMENTS FOR ZIANI  ("DECLARATION") RECORDED OCTOBER 15, 2002 AS INSTRUMENT NO. 02-888189 AND THE SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATION OF EASEMENTS AND NOTICE OF ADDITION (ZIANI-PHASE 11) ("SUPPLEMENTAL DECLARATION") RECORDED MARCH 25, 2004 AS INSTRUMENT NO. 04-245877, BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 4:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENJOYMENT, UTILITIES, ENCROACHMENT, SUPPORT, MAINTENANCE AND REPAIRS, ALL AS DESCRIBED IN THE ABOVE MENTIONED DECLARATIONS REFERRED TO IN PARCEL 3.

APN: 934-410-78

EXHIBIT  6

1/12/2018                              Workspace Webmail :: Print

**Print**  |  **Close Window**

Subject:  **Re: HO V. LIU- MEET AND CONFER**
From:  **Allen Felahy <AFelahy@felahylaw.com>**
Date:  **Tue, May 09, 2017 11:40 am**
To:  **Yalan Zheng <yzheng@parkandzheng.com>**

Hi Yalan,

I'm sure you've read the Court's decision by now and know that the Court awarded $700,000.00 on the contract/fiduciary duty claims but did not find fraud and did not award punitive damages.  In light of the Court's decision, my client intends to recommence the bankruptcy proceedings to dispose of the judgment through her Chapter 11 filing.  However, before doing so, because she genuinely feels bad for the Plaintiff, she is willing to reinstitute her prior offer of settlement for the sum of $400,000.00.  Given that her Chapter 11 plan will likely result in a 10% disbursement to creditors, this offer is about $330,000.00 more than the amount your client will likely ultimately recover were she to pursue this matter through the bankruptcy courts, to say nothing of the additional attorney's fees she would have to pay to do so.

Please let me know your client's position on this by the close of business tomorrow.  My client will delay taking any further action on her bankruptcy until then to give you and your client time to consider this proposal.

My regards,
Allen

---

**From:** Yalan Zheng <yzheng@parkandzheng.com>
**Date:** Wednesday, April 19, 2017 at 7:19 AM
**To:** Allen Felahy <AFelahy@felahylaw.com>
**Subject:** HO V. LIU- MEET AND CONFER

HI, Allen,

Per court's instruction earlier, this is to meet and confer concerning trial exhibits:

Exhibit 22: subpoenaed records from Charles Schwab. (Produced on a CD-ROM)
Exhibit 23-35: subpoenaed records from Bank of the West. (Produced in paper form)

Both are produced with custodian of records declaration.  Please advise how you want to verify the records to stipulate the admission.

Yalan Zheng, Esq.
Law Offices of Park & Zheng
6 Venture, Suite 270
Irvine, CA 92618
Tel: (949)679-3372
Fax: (949)258-9808
Email: yzheng@parkandzheng.com

This e-mail and any accompanying documents contain information from Law Offices of Park & Zheng are confidential and legally privileged. The information is intended only for the sole use of the recipient named in this e-mail. If you are not the intended recipient, please contact the sender or notify yzheng@parkandzheng.com and delete all copies of it from your system. Please note that the sender accepts no responsibility for viruses and it is your responsibility to scan this e-mail and attachments (if any). No contracts may be concluded on behalf of the sender by means of e-mail communications unless expressly stated to the contrary.

Copyright © 2003-2018. All rights reserved.

EXHIBIT 6, PAGE 142

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 15, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 15,  2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

DEFENDANT – POC ADDRESS
MEI LING SU
6F #605 NO-6-1 Ching-Cheng St.
Taipei Taiwan 10547

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 15, 2019**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

| Honorable Catherine E. Bauer | DEFENDANT – POC EMAIL ADDRESS |
|---|---|
| United States Bankruptcy Court | MEI LING SU |
| Central District of California | Yingju.chunte@gmail.com |
| Ronald Reagan Federal Building and Courthouse | |
| 411 West Fourth Street, Suite 5165 / Courtroom 5D | |
| Santa Ana, CA 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 15, 2019 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**